THEODORE RAY HALL, EMPLOYEE v. THOMASON CHEVROLET, INC., EMPLOYER; LUMBERMENS MUTUAL CASUALTY COMPANY, CARRIER.

(Filed 29 January, 1965.)

**1. Master and Servant § 82—**

The Industrial Commission has authority to grant a rehearing of a claim for newly discovered evidence. G.S. 97-47.

**2. Master and Servant § 90—**

A claim is still pending before the Industrial Commission for one year after the rendition of an award. G.S. 97-47.

**3. Master and Servant § 67—**

Under the Workmen's Compensation Act disability refers not to physical infirmity but to a diminished capacity to earn money.

**4. Master and Servant §§ 70, 72—**

Under the 1963 amendment, the Industrial Commission may make an award for both partial incapacity under G.S. 97-30 and for disfigurement under G.S. 97-31(22), for injuries occurring subsequent to 1 July 1963.

**5. Master and Servant § 82—Under facts of this case, Industrial Commission had authority to reopen case for newly discovered evidence.**

The Industrial Commission awarded claimant compensation for temporary disability and for disfigurement but refused to award compensation for permanent partial disability, and claimant failed to prosecute an appeal from this determination. Within twelve months of the latest award claimant filed motion to reopen the case for change of condition. Upon this hearing there was no evidence of change of condition but it was made to appear that in the prior hearing the medical experts were unable to give an opinion as to the extent of permanent disability, and further that subsequent to the hearing plaintiff attempted to engage in his occupation and empirically establish the existence of permanent partial disability from the brain injury received in the accident. *Held:* The proceeding was still pending at the time of the filing of claim for additional compensation for change of condition, and the evidence adduced invokes the jurisdiction of the Commission to reopen the award for newly discovered evidence, requiring the Commission to make a ruling on this aspect in the exercise of its discretion notwithstanding there was no evidence of change of condition. G.S. 97-30.

**6. Same—**

In view of the fact that the Workmen's Compensation Act does not require all damages to be assessed at one time and awarded in a lump sum, the rules in regard to *res judicata* are not to be so strictly enforced as in civil cases generally, and an award will not preclude a review for newly discovered evidence relating to the extent of disability, particularly when claimant, because of his disability and the circumstances of the case, could not reasonably have obtained the additional evidence at the time of the hearing.

**7. Master and Servant § 45—**

Benefits within the purport and intent of the Workmen's Compensation Act will not be denied by a narrow, technical and strict construction.

**8. Master and Servant § 94; Appeal and Error § 55—**

Where a proceeding before the Industrial Commission and an appeal therefrom are heard upon a misapprehension of the applicable law, the proceeding will be remanded.

APPEAL by plaintiff from *Hobgood, J.,* July 20, 1964 Session of DAVIDSON.

On November 11, 1959, plaintiff, a twenty-nine-year-old automobile mechanic, sustained an injury compensable under the Workmen's Compensation Act when a jack gave way and the automobile on which he was working fell on him. A deputy commissioner held hearings on November 15, 1961, and on January 8, 1962. At the hearings it was stipulated that, plaintiff having already been compensated for temporary total disability from the date of the accident to March 25, 1961, by agreement of the parties under G.S. 97-17, "the only question to be

determined at this hearing is what additional compensation, if any, plaintiff is entitled to receive for temporary total disability, *permanent partial disability,* and disfigurement." (Italics ours.) The deputy commissioner filed an opinion and award on February 5, 1962, in which he found, *inter alia,* these pertinent facts:

Plaintiff sustained a severe comminuted, compound, depressed fracture of the forehead, fracture of the nose, and loss of a tooth. Dr. R. H. Ames, neurosurgeon, and Dr. W. D. Farmer, opthalmologist, repaired plaintiff's injuries.

Plaintiff has been paid for temporary total disability from November 11, 1959, the date of the accident, to March 25, 1961, at which time total temporary disability ended. On July 7, 1960, Dr. Reeb of the Veterans Hospital at Winston-Salem examined plaintiff and was of the opinion that plaintiff was unable to work on account of "chronic brain syndrome due to trauma." He had no opinion as to whether this condition would be permanent. As of August 4, 1960, Dr. Ames was of the opinion that plaintiff had reached maximum improvement from his injury and that he was able to return to work. He recommended a cranioplasty to lessen plaintiff's serious disfigurement arising from the accident, and plaintiff is entitled to it. Plaintiff's employer offered plaintiff light work, but at no time has he attempted to do any work.

Upon these findings, defendants were ordered to furnish plaintiff a cranioplasty to be performed by Dr. Ames and to pay plaintiff compensation for the temporary total disability occasioned by it. The order noted that, after the operation, the case "should be reset for hearing for the purpose of determining what additional compensation plaintiff is entitled to receive." On March 26, 1962, Dr. Ames put a cosmetic plate in plaintiff's head.

On August 7, 1962, the same hearing commissioner conducted a third hearing. Plaintiff's testimony and that of his mother tended to show that he had done no remunerative work since his injury; that he continued to suffer with frequent headaches, dizzy spells which resulted in a blurring of his vision when he bent over, walked rapidly, or looked up quickly; that his memory was not thirty-minutes long; that he has no sense of smell; that except for the change in his appearance his basic condition was unchanged by the operation. Dr. Ames testified that in the accident plaintiff had sustained extensive head injury with demonstrable physical injury to the frontal lobes of the brain; that in his opinion there is some mental impairment attributable to the injury and plaintiff is functioning with a below-normal intelligence; that plaintiff had reached his maximum improvement and there had been no change in his general condition since the previous hearings; that plaintiff's present I. Q. is 80 but since he does not know what it was

before the accident, Dr. Ames has no way "to determine how much mental impairment there has been as a result of this injury." Dr. Whitener, the psychiatrist who examined plaintiff at Dr. Ames' request, testified that plaintiff has only a ninth-grade education; that he has done no work since the accident for fear that he might become dizzy and fall into a running engine; that his memory for the remote past is adequate, but "recall in one minute seems very poor"; and that of a complete name and address he recalls only the first name and that he confabulates the number of the street and the state. Dr. Whitener, like Dr. Ames, was unable to state how much the impairment of memory and cerebration might be related to the accident.

On August 16, 1962, the deputy commissioner rendered an opinion and award in which he found that, as a result of the accident, plaintiff had suffered a complete loss of smell, and of one tooth, and generalized scarring and discoloration of his forehead; "that the foregoing *disfigurement is permanent and serious* and mars plaintiff's appearance to such an extent that it may be reasonably presumed to lessen his future opportunities for remunerative employment and so reduce his future earning capacity." (Italics ours.) An award of "$2,-100.00 for serious and permanent disfigurement" was made and paid.

The opinion and award of August 16, 1962, contains no findings with reference to any permanent injury to plaintiff's brain and makes no award for this injury under G.S. 97-30 for permanent partial disability resulting from it.

On September 16, 1962, plaintiff's attorney gave notice of appeal to the full Commission and assigned as error the failure of the hearing commissioner "to find as a fact serious disfigurement from personal injury to the claimant's brain and his failure to award compensation to which claimant is entitled under either subsection (21) or subsection (22) of North Carolina General Statute 97-31." The full Commission heard the matter, and, on October 31, 1962, sustained each and every finding of fact and conclusion of law of the hearing deputy commissioner and ordered "that the result reached by him be, and the same is hereby affirmed." Plaintiff did not appeal from this order.

On April 23, 1963, plaintiff requested that, as authorized by G.S. 97-47, the case be reopened for a change of condition. A hearing was held on June 19, 1963. Plaintiff's testimony tended to show that he constantly makes such errors of judgment as installing a transmission backwards; that he is unable to keep up with his tools; that he cannot recollect parts or others' names; that he walks into objects; that if he works fast he gets dizzy; that he continues to have headaches and his eyes bother him; that for these reasons he is no longer able to make his living as a mechanic; that he now earns $50.00 for a 72-hour week

as a filling-station attendant, whereas he made $70.00 for a 40-hour week as a mechanic. Dr. Ames again testified that plaintiff's condition had not changed since the last hearing. He said, also, that he had no doubt of the genuineness of plaintiff's complaints, but that they constituted a degree of disability to which he could not give a percentage rating.

On ·December 4, 1963, the hearing commissioner filed his opinion and award, in which he made the following findings of fact:

(1) Plaintiff is now working at a filling station for $40.00 *(sic)* a week as compared with his average weekly wage of $70.00 while working as a master mechanic prior to his injury; that he has headaches and dizzy spells and has trouble with his memory. (To these findings there were no exceptions.)

(2) Dr. Ames, who examined plaintiff two days prior to the hearing, testified that plaintiff's condition had not changed since the latest hearing.

(3) Plaintiff has not had a change of condition since the review of this case by the Commission.

The deputy commissioner concluded as a matter of law that plaintiff had failed to carry his burden of proof under G.S. 97-47 and denied compensation. Plaintiff excepted to findings (2) and (3), as well as to the conclusions of law, and appealed to the full Commission, which affirmed the hearing commissioner. Plaintiff then appealed to the Superior Court on assignments that finding of fact (3) is not supported by the evidence and is inconsistent with finding of fact (1) and that finding of fact (1) entitled him to additional compensation under G.S. 97-30. On July 20, 1964, Judge Hobgood overruled each of plaintiff's exceptions and affirmed the judgment of the full Commission. Plaintiff appeals to this Court.

*Harold I. Spainhour for plaintiff.*
*Jordan, Wright, Henson & Nichols and G. Marlin Evans for defendants.*

SHARP, J. Plaintiff's evidence conclusively establishes that there has been no change in his physical or mental condition since the hearing on August 7, 1962, nor, indeed, since the hearing on January 8,' 1962. *Pratt v. Upholstery Co.,* 252 N.C. 716, 115 S.E. 2d 27. The Commission's findings are correct and based upon competent evidence. This simple statement, however, does not dispose of this case.

Plaintiff's motion made April 23, 1963, to reopen the case · "on the basis of change of condition as provided in G.S. 97-47" was mislabeled. Plaintiff was actually attempting to reopen the case on the grounds of newly discovered evidence. Under G.S. 97-47 the Industrial Commission "has the power, in a proper case, and in accordance with its rules and regulations, to grant a rehearing of a proceeding pending before it, and in which it has made an award, on the ground of newly discovered evidence." *Butts v. Montague Bros.*, 208 N.C. 186, 188, 179 S.E. 799, 801. "The rules of the Industrial Commission, adopted pursuant to . . . the Workmen's Compensation Act, relative to the introduction of new evidence at a review by the Full Commission, are in accord with the decisions of this Court as to granting new trials on newly discovered evidence." *Tindall v. Furniture Co.*, 216 N.C. 306, 311, 4 S.E. 2d 894, 897; *accord, Brown v. Hillsboro*, 185 N.C. 368, 117 S.E. 41; 2 McIntosh, North Carolina Practice and Procedure § 1596(8) (2d Ed. 1956).

On April 23, 1963, less than twelve months had elapsed since the latest award made under the Act; the case was therefore still pending. G.S. 97-47; *Butts v. Montague Bros., supra; Ruth v. Carolina Cleaners, Inc.*, 206 N.C. 540, 174 S.E. 445; Annot., Workmen's Compensation: time and jurisdiction for review, reopening, modification, or reinstatement of award or agreement, 165 A.L.R. 9, 291-293.

Instead of seeking a modification of the award for a change of condition, plaintiff seeks an award for permanent partial disability. Such an award, based on the injury to his brain, could have been made under G.S. 97-30 for his permanent partial incapacity to work. No such award has been made. At the time of the hearing on August 7, 1962, which resulted only in an award in the amount of $2,100.00, under G.S. 97-30(21) for external disfigurement of the head and face, plaintiff had made no attempt to go back to work. The reason, so he told the psychiatrist, was that he was afraid he would fall into a running engine. Nevertheless, according to Dr. Ames, he had reached maximum improvement in January 1962 and was then able to return to work. The cranioplasty, of course, temporarily interrupted this ability. Because he had not then tried to work since his injury, at the August hearing plaintiff was in no position to show the extent, if any, of the impairment of his wage-earning capacity, even though medical evidence had established permanent brain damage. The matter of the percentage of plaintiff's permanent partial disability attributable to the accident was a matter of speculation, both by plaintiff and by his doctors, who confirmed a permanent brain injury but confessed themselves powerless to evaluate it.

Under the Workmen's Compensation Act *disability* refers not to physical infirmity but to a diminished capacity to earn money. *Dail v.*

*Kellex Corp.*, 233 N.C. 446, 64 S.E. 2d 438; *Anderson v. Motor Co.*, 233 N.C. 372, 64 S.E. 2d 265; *Branham v. Panel Co.*, 223 N.C. 233, 25 S.E. 2d 865. The burden was on plaintiff as the claimant to show not only permanent partial disability, but also its degree. *Henry v. Leather Co.*, 231 N.C. 477, 57 S.E. 2d 760. As he offered no evidence from which the Commission could make a finding with reference to such a disability, it made none. The Commission is not in a position to make a proper award until the extent of disability or permanent injury, if any, is determined. *Pratt v. Upholstery Co., supra.*

From the award of August 1962 plaintiff gave notice of appeal to the Superior Court, but failed to perfect it — doubtlessly because of the dearth of evidence. An award of the Commission is, if not reviewed in due time as provided in the Act, conclusive and binding as to all questions of fact. G.S. 97-86. We do not face here, however, a situation in which the Commission has made a determination of the extent of plaintiff's permanent partial disability upon facts fully developed at the hearing. Although, in a proper case, such an award might be modified as a result of newly discovered evidence, here the Commission has made no findings and no award with reference to the claim plaintiff now makes.

The first specific evidence which the Commission heard tending to establish actual permanent partial disability, *i.e.*, diminished capacity to earn money, came at the hearing on June 19, 1963, pursuant to plaintiff's motion for a modification of the award for a change of condition.

The evidence produced at that hearing makes a *prima facie* case of permanent partial disability resulting from the accident on November 11, 1959. Had plaintiff presented this proof at the hearing on August 7, 1962, the Commission would doubtlessly have found him entitled to an award under G.S. 97-30. The award which plaintiff received on August 16, 1962, was for external facial or head disfigurement under G.S. 97-31(21). *Davis v. Construction Co.*, 247 N.C. 332, 101 S.E. 2d 40. His failure to establish, at the hearing on August 7, 1963, the extent of permanent partial incapacity caused the claim to be disallowed. Does his failure to offer at that hearing any evidence tending to establish such permanent partial disability, after he had requested a determination and award for it, estop him from doing so now? In our view of the case, the Commission must answer this question when it reconsiders his motion as one for a rehearing upon newly discovered evidence. Under the circumstances of this case, we do not think that plaintiff, having only a ninth-grade education and suffering from a brain injury, should be precluded as a matter of law from presenting

his claim for compensation to which he might be entitled; the claim, because of plaintiff's lack of evidence at the hearing, has not been adjudicated. In *Sharmon v. Holliday & Greenwood, Ltd.*, [1904] 1 K.B. 235, 240, *Lord Justice Mathew* makes an observation applicable to plaintiff's situation here:

> "(I)f the workman afterwards solves the question (of his capacity to work) by experiment, and, on his endeavoring to obtain employment, the result proves clearly that he is incapacitated, there seems to me to be no good reason why the county court judge should be prevented from going into the matter again and reviewing the award. It would, in my opinion, be most unjust if in such a case the doctrine of *res judicata* should prevent the injured workman from applying for adequate compensation."

It is a fundamental rule that the Workmen's Compensation Act "should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretation." *Johnson v. Hosiery Co.*, 199 N.C. 38, 40, 153 S.E. 591, 593; *accord, Guest v. Iron & Metal Co.*, 241 N.C. 448, 85 S.E. 2d 596. According to some authorities,

> "(T)he facts that evidence claimed as a basis of a motion to open a compensation award is not newly discovered and might have been offered at the original hearing in the exercise of due diligence, and that counsel, through inadvertence, has failed to present a ground upon which compensation might be allowed, do not in themselves prevent the compensation commissioner from granting such a motion." 58 Am. Jur., *Workmen's Compensation* § 541 (1948), citing *Olivieri v. City of Bridgeport*, 126 Conn. 265, 10 A. 2d 770, 127 A.L.R. 1471.

Had this been an ordinary civil action in which all damages are required to be assessed at one time and awarded in a lump sum, plaintiff's failure to offer evidence during the trial as to his permanent partial disability would manifestly preclude him ever after from doing so. The strict rule in civil actions, for obvious reasons, could not be applicable to proceedings under the Workmen's Compensation Act. We find convincing the following reasoning of the Connecticut court:

> "(U)nderlying the limitation upon the right of a party to have an award in a compensation case opened for newly discovered evidence is the principle 'of universal authority, whose base is public

policy, and is expressed in the maxim *"Interest reipublicae ut sit finis litium,"* which we denominated in *Burritt v. Belfy,* 47 Conn. 323, 329, 36 Am. Rep. 79, as the "embodiments of wisdom and justice." ' We have suggested, however, that this principle does not have the strict application in proceedings for workmen's compensation that it has as regards proceedings in the courts. *Glodenis v. American Brass Co.,* 118 Conn. 29, 34, 170 A. 146. As we said in the *McCulloch* case: 'In the absence of other than technical prejudice to the opposing party, the liberal spirit and policy, of the Compensation Act (Pub. Acts 1913 c. 138, as amended) should not be defeated or impaired by a too strict adherence to procedural niceties.' A party to a compensation case is not entitled to try his case piecemeal, to present a part of the evidence reasonably available to him, and then, if he loses, have a rehearing to offer testimony he might as well have presented at the original hearing. He must be assumed to be reasonably familiar with his rights and with the . . . proof necessary to establish his claim; and to permit him intentionally to withhold proof, or to shut his eyes to the reasonably obvious sources of proof open to him, would be fair neither to the commissioner and the court nor to the defendant. Where an issue has been fairly litigated, with proof offered by both parties upon an issue, a claimant should not be entitled to a further hearing to introduce cumulative evidence, unless its character or force be such that it would be likely to produce a different result. *Gonirenki v. American Steel & Wire Co., supra,* page 11 of 106 Conn., 137 A. 26. On the other hand, mere inadvertence on his part, mere negligence, without intentional withholding of evidence, particularly where there is no more than technical prejudice to the adverse party, should not necessarily debar him of his rights, and despite these circumstances a commissioner in the exercise of his discretion might be justified in opening an award. No definite rule can be formulated, but the policy that litigation should be brought to as speedy an end as is reasonably compatible with justice to the parties, prejudice, or lack of it to the opposing party, the conduct of the party seeking to open the award, particularly with regard to any reason he may have for not having produced the evidence at the original hearing, the nature of the testimony, and its probable effect upon the conclusion reached, and the other relevant circumstances, must all be considered. The matter is one which must lie very largely within the discretion of the commis-

sioner." *Kearns v. City of Torrington,* 119 Conn. 522, 177 Atl. 725.

This proceeding has been heard upon a misapprehension of applicable principles of law. Until all of an injured employee's compensable injuries and disabilities have been considered and adjudicated by the Commission, the proceeding pends for the purpose of evaluation, absent laches or some statutory time limitation. See *Pratt v. Upholstery Co., supra.* This case is remanded to the Superior Court with directions that it be returned to the Industrial Commission, which will determine, according to its own rules and the legal principles applicable to newly discovered evidence, whether it will grant plaintiff the requested rehearing with reference to his diminished earning capacity. *Thompson v. Funeral Home,* 208 N.C. 178, 179 S.E. 801.

Reversed and remanded.