MARVIN CAMPBELL, EMPLOYEE v. SUPERIOR YARN MILLS, INC., EM-
PLOYER, AND LUMBERMENS MUTUAL CASUALTY COMPANY, CAR-
RIER.

(Filed 29 September, 1965.)

**Master and Servant § 92—**

> Where, after an award, additional hearings are had from which appeal is taken, the Industrial Commission should certify the entire record, and when the record does not contain the proceedings upon the original hearing, making it impossible to ascertain judicially what matters had been adjudicated and precluded in the original hearing, the Superior Court should direct the Industrial Commission to certify the entire transcript of its proceedings in the matter, and consider defendant's appeal in the light of the entire record.

APPEAL by claimant from *Brock, S. J.,* July 1965 Civil Session of GASTON.

Proceeding under the Workmen's Compensation Act.

The incomplete record reveals: On January 25, 1959, claimant received compensable injuries to his back and elbow while at work for defendant Superior Yarn Mills, Inc. On March 16, 1960, after hearings on July 23, 1959 and February 25, 1960, a deputy commissioner made an award allowing plaintiff compensation. Other orders were made January 16, 1961, January 19, 1961, and July 24, 1961, the last order being one by the full Commission. None of these orders, nor the evidence upon which they were made, are in the record before us. The Superior Court of Gaston County, on September 24, 1962, after hearing arguments of counsel with reference to these four orders, entered a judgment overruling plaintiff's assignments of error to them. From this order claimant gave notice of appeal to the Supreme Court. The appeal was not perfected, and, on February 11, 1963, the Superior Court dismissed it.

The next disclosure in the record is that on July 16, 1963, and on October 1, 1963, additional hearings were held by a deputy commissioner. The evidence taken at these hearings is in the record. It tends to show that there has been no substantial change in plaintiff's condition since May 1960, but that he has a 20% permanent partial disability

of the back. The deputy commissioner, in an opinion filed on October 31, 1963, found that claimant had not "sustained a change of condition" since the opinion filed March 16, 1960, and denied plaintiff "additional compensation due to a change of condition." From this order plaintiff appealed to the full Commission which, on March 18, 1964, adopted the deputy commissioner's finding of fact but made the additional finding "that the plaintiff has a 20% permanent partial disability to his back as a result of the injury sustained on January 25, 1959 for which the plaintiff has received no compensation." Upon this finding it ordered, *inter alia,* that defendants pay plaintiff compensation for 20% permanent partial disability to the back for a period of 60 weeks at the compensation rate of $35.00 per week, as well as all approved medical expenses incurred. From this order defendants appealed to the Superior Court.

Plaintiff filed a written motion in the Superior Court on July 15, 1965. It "shows unto the court" that the entire transcript of the proceedings relating to plaintiff's claim have not been certified to the court by the Industrial Commission, and avers that the complete record is necessary to a proper adjudication of his claim. Claimant moved the court that it order the Industrial Commission to certify to it the entire transcript. Judge Brock denied this motion and heard defendants' appeal on that portion of the record which was before him. He vacated the order of the full Commission from which defendants had appealed. His judgment, entered on July 16, 1965, recites "that there is no competent evidence of record to support the findings of fact and conclusion of law contained in the Opinion and Award by the North Carolina Industrial Commission filed March 18, 1964, that there has been a change of condition in plaintiff pursuant to G.S. 97-47, and that plaintiff has a 20 percent permanent partial disability to his back as a result of the injuries sustained on January 25, 1959. . . ." From this judgment plaintiff appeals.

*Childers and Fowler for plaintiff appellant.*
*Hollowell & Stott for defendant appellees.*

PER CURIAM. Claimant's assignment of error No. 1, based upon his exception to the refusal of the judge to order the Industrial Commission to certify to the court the complete record in this proceeding, must be sustained. Neither the hearing commissioner nor the full Commission has found that there has been any change in the claimant's condition within the meaning of the Workmen's Compensation Act. The full Commission has, however, found that plaintiff has a partial permanent disability resulting from the accident on January 25, 1959 for

which he has received no compensation. It was for this uncompensated disability that the full Commission purported to make an award. These questions arise: Has there heretofore been a full and final award of all compensation to which plaintiff is entitled? If not, has claimant's action been pending for a final award? What was the effect of the judgment of the Superior Court entered on September 24, 1962? By failing to appeal from it, or otherwise, has claimant waived his right to a final award? See *Hall v. Chevrolet Co.*, 263 N.C. 569, 139 S.E. 2d 857; *Pratt v. Upholstery Co.*, 252 N.C. 716, 115 S.E. 2d 27. The answer to these questions is not in the incomplete record before the Court.

The judgment from which plaintiff appeals is vacated, and this cause is remanded to the court below with instructions that it direct the Industrial Commission to certify to the Superior Court of Gaston County the entire transcript of its proceedings in this matter, including all evidence taken. Upon receipt of this transcript the Superior Court will consider defendant's appeal *de novo* and enter such judgment as then appears proper.

Error and remanded.