Plaintiff by his Form 44 dated July 18, 1993 and his brief has stated that he has new evidence and new testimony regarding this case, and these statements will be treated as a motion to reopen the evidence. However, this information was largely available at the time of the hearing. Hall v. Thomason Chevrolet,Inc., 263 N.C. 569, 577, 139 S.E.2d 857 (1965). Plaintiff has not shown good grounds to reopen the evidence, and the motion is DENIED.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner the following
FINDINGS OF FACT
1. Plaintiff was employed by defendant-employer as a route supervisor on July 31, 1990. His job duties as a route supervisor included managing route men and handling customers' complaints. Plaintiff supervised approximately six routes. In carrying out his job duties, plaintiff was required to engage in a substantial amount of physically demanding labor.
2. On July 31, 1990, while running a route for defendant-employer, plaintiff walked into a meter hitting his head and neck which knocked him backwards against a wall and eventually to the ground. Plaintiff felt an immediate onset of pain in his neck and right shoulder area. It was stipulated at the hearing that the plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on July 31, 1990.
3. Following this incident, plaintiff continued working for defendant-employer carrying out his normal job duties. On August 16, 1990, plaintiff reported this incident to his supervisor relating that he had walked into the meter hitting the right side of his neck. Plaintiff made no mention of back pain to his supervisor on August 16, 1990. Thereafter, plaintiff sought medical treatment for complaints of neck pain, first on August 19, 1990 at the Cape Fear Valley Hospital Emergency Room and subsequently from Dr. Moeller on August 21, 1990. Examination revealed tenderness and spasm in the neck and right trapezius area and impression was acute neck injury based on the history related by plaintiff and examination findings. Dr. Moeller initiated conservative treatment consisting of medication, physical therapy and a cervical collar. As of August 27, 1990, Dr. Moeller released plaintiff to return to work without restrictions. Plaintiff had a return appointment to see Dr. Moeller regarding any continuing complaints which he failed to keep. Plaintiff made no mention of any middle or lower back pain or leg pain at the times he sought medical treatment in August 1990. In fact, in plaintiff's Statement of Report of Injury dated August 29, 1990, plaintiff related only an injury involving his neck and shoulder as a result of the July 31, 1990 accident and reported that he had totally recovered and was able to return to work on August 27, 1990.
4. Plaintiff returned to work for defendant-employer on August 27, 1990 and continued to engage in his normal work activities and regular work schedule until he was terminated on February 13, 1991 for reasons unrelated to this claim. Plaintiff did not miss any work between August 27, 1990 and February 13, 1991 as a result of physical problems or complaints related to the injury of July 31, 1990 and did not seek any further medical treatment during said period for such complaints.
5. It was not until May 2, 1991 approximately two and one half months after he was terminated and approximately nine months after the accident that plaintiff filed his workers' compensation claim wherein he related a history of injuring his upper and lower back on July 31, 1990. At the time plaintiff filed his workers' compensation claim, plaintiff had neither sought nor received any further medical treatment since being released by Dr. Moeller in August 1990.
6. After his termination from employment with defendant-employer on February 13, 1991, plaintiff applied for unemployment benefits certifying that he was able to engage in work activities. Furthermore, plaintiff continued to engage in significant physical activities helping move household items in February 1991 including a deep freezer and again helping move household items in July 1991 including a studio piano, said studio piano weighing approximately four hundred and fifty pounds.
7. After being released to return to work duties by Dr. Moeller in August 1990, it was not until November 1991 that plaintiff first sought medical treatment for complaints of lower back pain. Evaluation by Dr. Tomaszek in November 1991 resulted in a diagnosis of bulging disc at the L4-5 level, and degenerative changes at the L4-5, L5-S1 levels and degenerative changes in facet joints. Initially Dr. Tomaszek treated plaintiff's condition conservatively and then with facet blocks without improvement.
8. Thereafter, plaintiff was seen by Dr. Friedman, a neurologist, who concurred in the diagnosis of Dr. Tomaszek as regards plaintiff having degenerative disc disease and slight bulging disc at the L4-5 level. EMG testing was positive for some damage to the L5 nerve root; however, evaluation revealed no evidence of compression to substantiate plaintiff's complaints of pain or to explain the difference in plaintiff's performance with straight leg raising testing while in the prone verses the standing position. Therefore, Dr. Friedman referred plaintiff to a pain clinic which plaintiff attended for two visits and then stopped.
9. Plaintiff returned to the care of Dr. Tomaszek and in October 1992 underwent surgery due to the progressive radiating pain in his legs. This was approximately five days following plaintiff's involvement in an automobile accident on September 30, 1992 when plaintiff's vehicle was rear ended causing a flare-up of plaintiff's condition. However, MRI testing and examination immediately prior to surgery revealed no changes attributable to this car accident.
10. Plaintiff's testimony and the history he related to Drs. Friedman and Tomaszek of back and leg pain beginning immediately following the injury of July 31, 1990 is not corroborated by the other evidence of record and is not deemed credible. It was not until several months later after plaintiff had resumed his regular work duties for defendant-employer, been terminated from defendant-employer, and engaged in a substantial amount of physical activity including heavy lifting that plaintiff noticed the onset of pain in his low back and legs. It was not until May 1991, that plaintiff attributed said complaints to the accident of July 31, 1990.
11. Medical evidence of record reveals that symptoms of pain in plaintiff's low back and legs if attributable to the accident of July 31, 1990, should have appeared within one month thereafter and that plaintiff's complaints of low back and leg pain did not appear until several months later. Therefore, plaintiff has failed to prove that the back condition for which he first sought medical treatment from Dr. Tomaszek in November 1991 was the result of the injury by accident plaintiff sustained on July 31, 1990.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. On July 31, 1990, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer which resulted in an injury to his neck. N.C.G.S. § 97-2 (6).
2. In that plaintiff did not miss as many as seven days from work as a result of said injury by accident, plaintiff is not entitled to receive compensation benefits under the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. § 97-28.
3. Any loss of earnings plaintiff sustained following his termination from employment with defendant-employer on February 13, 1991 is not attributable to the injury by accident occurring on July 31, 1990 as the back condition for which plaintiff first sought medical treatment in November 1991 did not arise from the injury by accident on July 31, 1990. N.C.G.S. § 97-2 (9).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff is not entitled to additional compensation pursuant to the provisions of the North Carolina Workers' Compensation Act.
2. Defendants shall pay an expert witness fee in the amount of $150.00 to Dr. Moeller.
3. Each party shall bear its own costs.
 S/ ___________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ___________________ COY M. VANCE COMMISSIONER
S/ ___________________ FORREST H. SHUFORD, II COMMISSIONER
JRW/JSS/tmd 12/22/94