Defendant appeal the Deputy Commissioner's refusal to grant a credit against compensation awarded for payments to the plaintiff under an employee disability program, wholly financed by the employer, made while compensability was being denied, per N.C. Gen. Stat. § 97-42. Defendants have otherwise proven, to the satisfaction of the Commission, that they are entitled to a credit pursuant to N.C. Gen. Stat. § 97-42, but not the amount. The custodian of the employer's disability program records testified that a "gross" amount of $126.00 per week was paid, but that he did not know the amount of plaintiff's weekly check — suggesting that the employer's "gross" payments may have included such things as the employer's share of Social Security taxes, withholding, etc. No financial records were put into evidence concerning this. "The Commission cannot practically tolerate the burden on the parties and its limited resources of withholding a final award . . . to allow a disappointed party to re-litigate it on the credit issue."Lorenz v. Stroh's Brewery, I.C. 642835, 1 April 1992, citing HallV. Thomason Chevrolet, Inc., 262 N.C. 569, 577, 139 S.E.2d 857
(1965). However, in light of the strong policy that an employer "who has paid an employee wage replacement benefits at the time of that employee's greatest need, should not be penalized by being denied . . . credit", Foster v. Western Electric Co., 330 N.C. 113,117, 357 S.E.2d 670 (1987), and the fact that, in this case, defendants may be obligated to pay benefits coming due over a significant period of time following the filing of this Award, the Commission will entertain a motion, supported by credible contemporaneous business records, cancelled checks, and/or other evidence, to offset a credit against any future liability when accrued benefits have been paid, and current benefits are being paid as they come due.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except to add or modify Finding of Fact #12, Conclusion of Law #3 and Award Paragraphs #2 and #5, the Full Commission hereby AFFIRMS and ADOPTS the MODIFIED Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner, and in a Pre-Trial Order from the parties, as
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Employer is self-insured; Constitution State Service Company was the servicing agent.
4. It is agreed that while the Industrial Commission file indicates the date of injury as 24 April 1993, plaintiff contends that the actual date of injury was 19 March 1993, and the above stipulations apply to either date.
5. Industrial Commission Form 18, Notice of Accident to Employer, is stipulated into evidence.
6. Industrial Commission Form 19, Employer's Report of Injury to Employee, is stipulated into evidence.
7. A recorded statement of plaintiff, dated 3 August 1993, is stipulated into evidence.
8. The medical records concerning plaintiff from Dr. Ciliberto, between 29 July 1993 and 8 March 1994, are stipulated into evidence.
9. A one page office note dated 9 June 1993 from the Family Medical Center — Walk In Care Facility, is stipulated into evidence.
10. A Chapel Hill radiology report, dated 11 June 1993, is stipulated into evidence.
11. The parties stipulated that plaintiff's average weekly wage may be calculated from Industrial Commission Form 22, dated 25 March 1994.
************
RULINGS ON EVIDENTIARY MATTERS
The objections contained withthin the deposition of David Ciliberto, M.D., are OVERRULED.
*********
Based upon all of the competent evidence adduced at the hearing before the deputy commissioner, the Full Commission makes the following additional
FINDINGS OF FACT
1. Plaintiff was born 20 September 1944, and has an eighth grade education.
2. Plaintiff was hired by defendant-employer on 1 January 1992 as a spinner. Prior to that time, plaintiff had been employed throughout her adult life in the textile industry and in other jobs.
3. On 19 March 1993, while engaged in her normal job duties as a spinner, plaintiff turned and tripped over a stool.
4. As plaintiff was falling, plaintiff tried to keep her balance. As a result of this incident, plaintiff sustained right ankle sprain.
5. On 19 March 1993, plaintiff's average weekly wage was $417.74, yielding a compensation rate of $278.63.
6. As a result of her incident on 19 March 1993, plaintiff came under the care of Dr. David Ciliberto, an orthopedic surgeon, beginning 29 July 1993.
7. Dr. Ciliberto treated plaintiff's right ankle sprain conservatively, prescribed a neoprene ankle support, Lodine, and a cane. As a result of her incident on 19 March 1993, the inflammatory process continued, and also involved plaintiff's foot. Subsequently, Dr. Ciliberto applied a fracture brace to the leg to stabilize plaintiff's foot and ankle.
8. As a result of plaintiff's incident on 19 March 1993, plaintiff needed limited physical activity, limited walking and standing activities, some use of a cane and crutches, and sedentary work.
9. As a result of her incident on 19 March 1993, plaintiff has been incapable of earning wages with defendant-employer or in any other employment from 29 July 1993, until she returned to other, sedentary employment with a different employer on 20 January 1994.
10. Since 20 January 1994, plaintiff has been employed in a sedentary job for a different employer. Since 20 January 1994, plaintiff has earned and had the capacity to earn only an average weekly wage of $6.50 per hour, for a 40 hour week.
11. As a result of her incident on 19 March 1993, plaintiff had not yet reached maximum medical improvement as of the date of the hearing.
12. Defendants expended a gross amount of $126.00 per week, after a one week waiting period, from July 29, 1993 through January 16, 1994, to provide plaintiff disability benefits while her right to workers' compensation benefits was being litigated, and was thus not due and owing. However, the evidence fails to show the actual amount of benefits received by the plaintiff.
**********
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. On 19 March 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. G.S. § 97-2(6).
2. As a result of her compensable injury by accident on 19 March 1993, plaintiff is entitled to temporary total disability compensation at the rate of $278.63 per week from 29 July 1993 to 20 January 1994. G.S. § 97-29; G.S. § 97-2(5).
3. As a result of plaintiff's compensable injury by accident on 19 March 1993, plaintiff is entitled to temporary partial disability compensation at the average weekly rate of two-thirds of the difference between plaintiff's average weekly wage at the time of her compensable injury and her capacity to earn an average weekly wage beginning 20 January 1994, or [2/3 ($417.74 — $260.00) =] $105.16 per week, from 20 January 1994, and continuing for the balance of 300 weeks from 29 July 1993, or until plaintiff returns to work at the same or a greater average weekly wage than that which she had at the time of her compensable injury on 19 March 1993, whichever first occurs; provided, that the Commission may hereafter consider a credit for disability payments made by the employer to the claimant while contesting the compensability of her injury under circumstances that does not delay payment of accrued benefits or future benefits, as they become due and owing. G.S. §§ 97-30 and 97-42.
4. Plaintiff is entitled to payment of all medical expenses incurred, or to be incurred, including further evaluations and treatments from Dr. Ciliberto, as a result of her compensable injury on 19 March 1993, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief and will tend to lessen plaintiff's period of disability. G.S. § 97-2(19); G.S. § 97-25.
**********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay temporary total disability compensation to plaintiff at the rate of $278.63 per week in respect to the period from 29 July 1993 to 20 January 1994. Said amount shall be paid to plaintiff in a lump sum, subject to the attorney fee approved in Paragraph 4.
2. Defendant shall pay temporary partial disability compensation to plaintiff at the rate of $105.16 per week, from 20 January 1994, and continuing for the balance of 300 weeks from 29 July 1993, or until plaintiff returns to work at the same or a greater average weekly wage than that which she had at the time of her compensable injury on 19 March 1993, whichever first occurs. Amounts which have accrued shall be paid to plaintiff in a lump sum, subject to the attorney fee approved in Paragraph 4.
3. Defendant shall pay all medical expenses incurred, or to be incurred, including further evaluations and treatments from Dr. Ciliberto, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief, and will tend to lessen plaintiff's period of disability.
4. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under Paragraphs 1 and 2 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sums due plaintiff shall be deducted from those sums and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check due plaintiff under Paragraph 2 of this AWARD shall be deducted from the sums due plaintiff and paid directly to plaintiff's counsel.
5. When defendants have paid all benefits accrued, and are paying any additional benefits pursuant to Paragraph 2 of this Award as they come due, the Commission will entertain a motion to offset additional temporary partial disability benefits against a credit pursuant to N.C. Gen. Stat. § 97-42 for disability benefits paid in respect to the period July 29, 1993 through January 16, 1994, not to exceed $126.00 per week for that period.
6. Defendant shall pay the costs due this Commission.
 S/ _________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _________________ LAURA K. MAVRETIC COMMISSIONER
JRW:md