Prior to oral arguments before the Full Commission on this matter, defendant filed a Motion for a New Hearing to Receive Further Evidence on 12 May 1995. The motion was supported by affidavits alleging that plaintiff has been working full-time at The Word of God Fellowship Church Christian Academy and Day Care. In the affidavits, a private investigator avers that, in April, 1995, he determined during surveillance that plaintiff was "engaged in substantial activity which included the performance [of] duties". A second affidavit by the "head of the Special Investigations Unit for the Charlotte division" of CNA Insurance Company avers that she visited this facility on 26 April 1995, "met with Sharon Pettiford [not indentified by position] to verify the work status" of the plaintiff, and was told that plaintiff had been "working full-time for approximately one year", earning approximately $12,500.00 per year, working as a nurse and teaching one or two classes of English and Home Economics, and that for approximately a year prior to this employment had been a volunteer with the organization. Plaintiff countered with an affidavit of Tyson Allison avering that he is the principal of the academy, familiar with the employees of the school, and that the plaintiff had never been an employee of the school, as well as her own affidavit to the same affect. The serious question of fact presented by these affidavits remain unresolved.
An award will not preclude a review for newly discovered evidence when it could not reasonably have been attained at the time of the hearing. The matter is one that lies largely within the discretion of the Commission. Hall v. Thomason Chevrolet, Inc.263 N.C. 569, 577, 139 S.E.2d 857 (1965). It is noted that the parties stipulated before the Deputy Commissioner that plaintiff's compensation rate would be the applicable maximum of $406.00 (based on not less than $31,668.00 annually), and the Commission's Claims Department had calculated that plaintiff received $57,065.90 during the pertinent 52 week period, based on defendants' Form 22. If the latter figure is correct — neither party discussed this — plaintiff would still be entitled to $406.00 in weekly benefits, if she was earning $12,500.00, pursuant to N.C. Gen. Stat. § 97-30. Under the circumstances, the Commission will affirm and order payment of benefits, but without prejudice to defendants' motion for a new hearing to determine whether benefits were due after the date of the motion, May 12, 1995.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except with reference to the Motion for a New Hearing to Receive Further Evidence, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Transportation Insurance Company was the compensation carrier on the risk.
4. On 1 December 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
5. On 1 December 1991, plaintiff's average weekly wage yielded the maximum compensation rate of $406.00.
6. An index of medical and rehabilitation records, marked and bound as Exhibits 1 through 12, are stipulated into evidence.
7. As a result of plaintiff's compensable injury on 1 December 1991, plaintiff received temporary total disability compensation from 1 May 1992 through 31 May 1992, and from 10 June 1992 to 7 January 1993.
8. Industrial Commission Form 24, Application of Employer or Insurance Carrier to Stop Payment of Compensation, denied 23 December 1992, is stipulated into evidence.
9. Two Industrial Commission Forms 28, Return to Work, marked as Stipulated Documents 1 and 2, are stipulated into evidence.
* * * * * * * * * * * * * * * *
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. Plaintiff was born 9 January 1949, and has a high school education. In addition, plaintiff has received nursing training and, prior to 1 December 1994, was employed as an L.P.N.
2. On 1 December 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. As a result of her compensable injury on 1 December 1991, plaintiff sustained nerve root injury or nerve root irritation.
3. As a result of her compensable injury on 1 December 1991, plaintiff had a C4-5 partial hemilaminectomy and decompression which was performed by Dr. Robert L. Allen.
4. As a result of her compensable injury on 1 December 1991, plaintiff received temporary total disability compensation from 1 May 1992 to 31 May 1992, and from 10 June 1992 to 7 January 1993.
5. Thereafter, plaintiff returned to work with defendant-employer on 7 January 1993; however, as a result of the pain which plaintiff continued to experience after she returned to work on 7 January 1993, plaintiff left work on 25 January 1993 and has not returned to work since that time.
6. As a result of plaintiff's compensable injury on 1 December 1991, plaintiff has been out of work and incapable of earning wages with defendant-employer or in any other employer, beginning 26 January 1993 and continuing through the date of the hearing before the Deputy Commissioner.
7. Currently, as a result of plaintiff's compensable injury on 1 December 1991, plaintiff needs further professional evaluation for determination of whether additional treatment is warranted. Dr. David E. Tomaszek, a neurosurgeon, has evaluated plaintiff, has offered plaintiff a course of treatment for her continuing complaints of pain, and is in the best position to evaluate and treat plaintiff's condition, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief and will tend to lessen plaintiff's period of disability.
8. Prior to 1 December 1991, plaintiff had undergone an interior cervical disc excision with fusion at C6-7 in 1987. Plaintiff's current complaints of pain, however, are not related to plaintiff's prior surgery in 1987.
9. Defendants have shown good cause to grant a new hearing to receive newly discovered evidence acquired by 12 May 1995, if hereafter requested.
* * * * * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. As a result of her compensable injury on 1 December 1991, plaintiff is entitled to temporary total disability compensation at the rate of $406.00 per week, beginning 26 January 1993, and continuing through the date of the hearing before the Deputy Commissioner, but without prejudice to defendants' right to request a hearing on newly discovered evidence concerning plaintiff's entitlement to benefits after 12 May 1995. N.C. Gen. Stat. § 97-29; I.C. Rule 701(7).
2. Plaintiff is entitled to payment of all medical expenses incurred, or to be incurred, as a result of her compensable injury on 1 December 1991, including further evaluations and treatments by Dr. David E. Tomaszek, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. §§ 97-25; 97-2(19).
* * * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay plaintiff temporary total disability compensation at the rate of $406.00 per week, beginning 26 January 1993 and continuing, through the date of the hearing before the Deputy Commissioner, until further orders of the Commission. Such benefits as have accrued shall be paid in one lump sum, subject to the attorney's fee approved hereinafter.
2. Defendants shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of her compensable injury on 1 December 1991, including further evaluations and treatments by Dr. David E. Tomaszek, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief and will tend to lessen plaintiff's period of disability, when bills for the same shall have been submitted through defendants to the Industrial Commission, and approved by the Industrial Commission.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiff's counsel, and twenty-five percent of the accrued benefits due plaintiff shall be deducted from that sum and paid in a lump sum directly to plaintiff's counsel. Thereafter, every fourth compensation check paid without further contest by defendants shall be paid directly to plaintiff's counsel.
4. Defendants shall pay the costs due this Commission.
 S/ __________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________________ MARY MOORE HOAG DEPUTY COMMISSIONER
JRW:md