The undersigned have reviewed the prior Order by Kim L. Cramer, Deputy Commissioner, based upon the record of the proceedings before the Deputy Commissioner and briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Order except minor modifications. The Full Commission affirms and adopts the Order of the Deputy Commissioner with minor modifications.
The Full Commission has carefully considered the arguments of both counsel and based upon the record in this matter, adopts the Order of the Deputy Commissioner and finds that this claim is not properly before the Commission for the following reasons:
The Form 33 first filed in this claim alleged injury to the back and right shoulder. This claim was originally heard before Deputy Commissioner Roger L. Dillard, Jr. His Opinion and Award, in which he awarded plaintiff benefits for a shoulder injury which occurred on October 19, 1989, but denied benefits for any back injury, was filed on June 11, 1993.
Plaintiff appealed the decision to the Full Commission. On September 13, 1993, plaintiff filed a Motion for the Taking of Additional Evidence, in which plaintiff mentioned a "claim for continuing benefits arising out of her cervical injury." On October 4, 1993, the Commissioner received from plaintiff a Motion for Treatment Pursuant to Section 97-25 and/or for the Taking of Additional Evidence. The Motion concerned fusion surgery for a disc herniation at C5-6.
The Full Commission reviewed the decision of Deputy Commissioner Dillard on June 27, 1994. The Opinion and Award for the Full Commission by Commissioner Coy M. Vance, affirming Deputy Commissioner Dillard, was filed on July 14, 1994. In the opinion of the Full Commission, on the last page under the Award, the Commission specifically stated that "plaintiff's Motion for Treatment pursuant to N.C.G.S. § 97-25 and/or the Taking of Additional Evidence is hereby DENIED." Plaintiff did not appeal the decision of the Full Commission to the Court of Appeals.
On July 27, 1994, plaintiff filed another Form 33, requesting a hearing for an injury occurring on October 19, 1989 to her "back, shoulder, arm and neck." In the response, the defendant raised the bar of the Doctrine of res judicata as well as N.C.G.S. § 97-47. The defendant further asked for attorney fees pursuant to N.C.G.S. § 97-88.1.
In a letter dated August 15, 1994, counsel for plaintiff requested that the Full Commission amend their Opinion and Award claiming that "both the Deputy Commissioner's and the Full Commission decision erred in describing the compensable injury as to the shoulder rather than to the neck and arm." On or about September 12, 1994, the Full Commission through Commissioner Coy M. Vance, denied plaintiff's motion. Plaintiff did not pursue an appeal to the Court of Appeals even though the Form 21 did state that defendant was accepting liability for "bruised neck and right arm."
The Full Commission finds that this claim is not properly before the Commission. The plaintiff is, in effect, asking a Deputy Commissioner and a subsequent panel of the Full Commission to review and reverse a final decision by the Full Commission.
An award of the Full Commission is final and binding pursuant to N.C.G.S. § 97-86. The appropriate avenue of review is the N.C. Court of Appeals. Plaintiff requested an opportunity to present new evidence, which has already been denied by the Full Commission. Plaintiff did not appeal the Full Commission Opinion and Award or the subsequent Order to the Court of Appeals and both decisions are final. Plaintiff can not have a hearing de novo before a Deputy on an issue or request which has been denied by the Full Commission. Hall v. Thomason Chevrolet, Inc., 263 N.C. 569
(1965).
While the Full Commission finds no merit to the plaintiff's argument that this claim is properly before a Deputy Commissioner, the Full Commission does not find that this clearly rises to the level of being stubborn, unfounded litigiousness which would justify an award of attorney's fees. N.C.G.S. § 97-88.1. Sparksv. Mountain Breeze Restaurant and Fish House, Inc.,55 N.C. App. 663 (1982).
IT IS THEREFORE ORDERED that plaintiff's claim is hereby DISMISSED with prejudice.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________________ LAURA K. MAVRETIC COMMISSIONER
BSB/rst