***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gillen and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as facts and concludes as a matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter.
2. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. All parties have been correctly designated and there are no questions as to the misjoinder or nonjoinder of parties.
4. At the time of the alleged injury, plaintiff's average weekly wage was $382.50, yielding a compensation rate of $255.01.
 ***********
The following were stipulated into evidence as:
 STIPULATED EXHIBITS a. The Pretrial Agreement, marked as stipulated exhibit 1.
 b. A group of plaintiff's medical records collectively paginated 1-57 and marked as stipulated exhibit 2.
 c. The Industrial Commission forms filed in this matter, collectively paginated 1-6 and marked as stipulated exhibit 3.
 d. Discovery responses filed in this matter, collectively paginated 1-16 and marked as stipulated exhibit 4.
 e. Plaintiff's employment records from defendant-employer, collectively paginated 1-119 and marked as stipulated exhibit 5. *Page 3 
 *********** ISSUE PRESENTED
Whether plaintiff sustained a compensable injury by accident or specific traumatic incident on or about 23 February 2006 and/or in April 2006, and, if so, to what medical treatment and/or workers' compensation disability benefits is plaintiff entitled, if any?
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 67 years old at the time of the hearing before the Deputy Commissioner. Plaintiff was employed by defendant-employer as a sales clerk.
2. Plaintiff's job duties as a sales clerk required that she stand and walk in order to straighten merchandise and assist customers.
3. On 23 February 2006 plaintiff slipped in a puddle near a water fountain while working for defendant-employer. During this fall both of her feet went out from under plaintiff and her back hit the floor.
4. Plaintiff reported this fall to Amanda Walsh, the Assistant Store Manager. Plaintiff was evaluated at PrimeCare Family Medicine on 24 February 2006. Plaintiff complained of low back and buttock pain from a slip and fall. Plaintiff was diagnosed with a contusion of the lumbar spine and x-rays of plaintiff's lumbar spine and coccyx were recommended. On 24 February 2006 Primecare released plaintiff to return to work with restrictions effective until 3 March 2006.
5. On 10 March 2006 plaintiff was released to return to work without restrictions by PrimeCare. Plaintiff eventually returned to work for defendant-employer at regular duty at her sales clerk job. *Page 4 
6. Plaintiff was treated by Dr. Renee Tegeler at Winston-Salem Health Care on 31 March 2006. No fall is mentioned in the medical note from this visit. Dr. Tegeler diagnosed plaintiff with complications related to her postmenopausal hormone replacement therapy, degenerative arthritis in the neck and lumbosacral spine, history of diverticula by colonoscopy, right carpal tunnel syndrome, hypertension, and acid reflux.
7. Plaintiff returned to Winston-Salem Health Care on 22 June 2006, where she was treated by Margie Trent, Dr. Tegeler's Physician's Assistant. Ms. Trent's medical note mentions that plaintiff reported that she had tripped and sustained another fall while working for defendant-employer in April 2006.
8. Plaintiff's husband testified at the Deputy Commissioner's hearing that he had not heard about plaintiff's April 2006 fall until she testified about it at the hearing. Franco Borzachinie, plaintiff's supervisor at defendant-employer, also testified that he never knew about the alleged April accident until plaintiff testified about it at the Deputy Commissioner's hearing.
9. Plaintiff did not report or document her April 2006 fall at work to defendant-employer. On 12 May 2006 plaintiff voluntarily resigned her position with defendant-employer. Plaintiff wrote a resignation letter that did not mention any health or injury concerns. Plaintiff also filled out a "Notice of Resignation" form. On the resignation form plaintiff checked the "Retirement" box as her reason for resignation, did not check the "Due to Health" box, and made no reference to any physical problems in the "Comments" section she completed.
10. Plaintiff reported to Dr. Harlan Daubert on 20 July 2006, complaining of low back pain and leg pain resulting from a 1987 car accident and the 23 February 2006 fall at work. Dr. Daubert noted that plaintiff was to start a physical therapy program and identified steroid injections as an option if plaintiff's pain symptoms worsened. *Page 5 
11. Plaintiff visited Dr. Tegeler on 5 February 2008. Dr. Tegeler discussed with plaintiff the possibility of two-level fusion surgery at L4-5 and L5-S1. Plaintiff has since indicated that she does not want to proceed with fusion surgery.
12. Defendants paid for all of plaintiff's medical treatment immediately following her 23 February 2006 fall until she was released to return to work without restrictions on 10 March 2006.
13. Dr. Jeffrey A. Baker testified by deposition that plaintiff never reported to him any fall occurring in April 2006 and that he believed it would be speculative to attribute plaintiff's current back condition to either fall.
14. At his deposition Kenneth Bush, P.A., testified that, according to his medical notes, plaintiff sustained a bruised back in the 23 February 2006 fall but that her condition had fully resolved by 10 March 2006.
15. Dr. Harlan B. Daubert testified that plaintiff only reported the 23 February 2006 fall and did not report any workplace fall occurring in April 2006. When Dr. Daubert was informed that plaintiff worked full duty from 10 March 2006 until May 2006, he was unable to express an opinion that the April incident aggravated plaintiff's low back condition unless plaintiff's pain continued throughout that period. Plaintiff did not inform the doctors or defendant-employer that she was unable to perform her job duties due to pain.
16. In her deposition Dr. Renee Tegeler noted that plaintiff had a history of low back pain for over 20 years. When Dr. Tegeler first saw plaintiff in November 2005 plaintiff had degenerative arthritis and reported low back pain. Dr. Tegeler stated that plaintiff's low back condition was the same in 2006 as it was in 2005. Plaintiff never told Dr. Tegeler about either fall at work. Dr. Tegeler had no opinion as to the cause of plaintiff's current back condition. *Page 6 
17. Plaintiff's testimony regarding the circumstances surrounding her alleged injury in April 2006 and subsequent events conflicts with documentary, medical, and other evidence. Based upon the inconsistencies in the medical records and testimony, the Commission does not find plaintiff credible concerning the alleged trip and fall at work in April 2006. Therefore, plaintiff has not proven by the greater weight of the evidence that she sustained a compensable injury by accident or specific traumatic incident of the work assigned at her workplace in April 2006.
18. Plaintiff filed a Form 18 dated 8 February 2007 and a Form 33 dated 26 July 2007. The Form 33 requested, among other things, the payment of medical expenses arising from the 23 February 2006 fall.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In workers' compensation cases, plaintiff has the burden of proving every element of compensability. As part of this burden, plaintiff must present convincing evidence establishing these elements. N.C. Gen. Stat. §§ 97-2(6), 97-2(9); Harvey v. Raleigh Police Department,96 N.C. App. 28,384 S.E.2d 549,disc. rev. denied, 325 N.C. 706, 388 S.E.2d 454
(1989); Gaddy v. Kern, 17 N.C. App. 680, 195 S.E.2d 141, 143, cert.denied, 283 N.C. 585, 197 S.E.2d 873 (1973).
2. On 23 February 2006, when plaintiff fell after slipping in a puddle of water, plaintiff sustained a compensable injury by accident to her back that arose out of and in the course of her employment with defendant-employer. The fall constituted an interruption of plaintiff's *Page 7 
normal work routine and the introduction thereby of conditions likely to result in unexpected consequences. N.C. Gen. Stat. § 97-2(6);Harding v. Thomas Howard Co., 256 N.C. 427, 124 S.E.2d 109 (1962).
3. Subject to the provisions of N.C. Gen. Stat. § 97-25.1, plaintiff is entitled to have defendants provide all medical treatment incurred or to be incurred, necessitated by the 23 February 2006 compensable back injury. N.C. Gen. Stat. §§ 97-25; 97-25.1.
4. Plaintiff has the burden of proving disability, and plaintiff must prove both the existence and the extent of disability. Disability is defined by the Act as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment." N.C. Gen. Stat. § 97-2(9). In this case plaintiff failed to meet her burden of proving the existence and extent of disability that resulted from the 24 February 2006 work-related injury. N.C. Gen. Stat. § 97-2(9); Hilliard v. Apex Cabinet Co., 305 N.C. 593,290 S.E. 2d 682 (1982); Hall v. Chevrolet Co., 263 N.C. 569, 575,139 S.E. 2d 857, 861 (1965); Sims v. Charmes/Arby's Roast Beef,142 N.C. App. 154,542 S.E.2d 277 (2001). Moreover, plaintiff was released to return to work without restrictions and actually returned to work at regular duty for several months. In re: Harrington v. Adams-RobinsonEnterprises, 128 N.C. App. 496, 495 S.E.2d 377, rev'd on othergrounds, 349 N.C. 218, 504 S.E.2d 786 (1998).
5. With regard to the alleged second fall, plaintiff has failed to meet her burden of proving by the greater weight of the evidence that she sustained a compensable injury by accident or specific traumatic incident of the work assigned arising out of and in the course of her employment with defendant-employer in April 2006. N.C. Gen. Stat. §§ 97-2(6), 97-2(9); Harvey v. Raleigh Police Department, 96 N.C. App. 28,384 S.E.2d 549, disc. rev. denied, 325 N.C. 706, 388 S.E.2d 454 (1989);Gaddy v. Kern, 17 N.C. App. 680, 195 S.E.2d 141, 143, cert *Page 8 denied, 283 N.C. 585, 197 S.E.2d 873 (1973). In addition, plaintiff failed to file a claim for the alleged April 2006 incident until her testimony at the 24 June 2006 Deputy Commissioner's hearing. Therefore, her claim is barred by the two-year time limitation pursuant to N.C. Gen. Stat. § 97-24.
6. Plaintiff has failed to prove by the greater weight of the evidence that she has been or is unable to earn the same wages she earned before 23 February 2006 as a result of the fall of 23 February 2004 and/or the alleged fall in April 2006. N.C. Gen. Stat. §§ 97-2(9); 97-29;Russell v. Lowe's Product Distribution, 108 N.C. App. 762,425 S.E.2d 454; (1993). Furthermore, in March 2006 plaintiff was released to return to work without restrictions and plaintiff did return to regular work without restrictions. Harrington v. Adams-Robinson Enterprises,128 N.C. App. 496, 498, 495 S.E.2d 377, 379, rev'd on other grounds,349 N.C. 218, 504 S.E.2d 786 (1998).
7. Plaintiff's separation from employment with defendant-employer is attributable to plaintiff's voluntary resignation and is unrelated to the 23 February 2006 fall and/or the alleged April 2006 fall. N.C. Gen. Stat. § 97-32.
 ***********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Defendants shall pay all medical expenses incurred or to be incurred as a result of plaintiff's 23 February 2006 compensable back injury, subject to the provisions of N.C. Gen. Stat. § 97-25.1.
2. Plaintiff's claim for the alleged fall of April 2006 must be, and hereby is, DENIED.
3. Defendants shall pay the costs. *Page 9 
This 8th day of June, 2009.
S/__________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/__________ STACI T. MEYER COMMISSIONER
 S/__________ DIANNE C. SELLERS COMMISSIONER *Page 1