MILTON GADDY, EMPLOYEE v. C. J. KERN, CONTRACTOR, EMPLOYER AETNA CASUALTY AND SURETY COMPANY, CARRIER

No. 7314IC18

(Filed 28 March 1973)

**Master and Servant § 96— appeal of Industrial Commission decision — review of findings of fact**

In an action to recover for injury arising out of and in the course of employment where there was no evidence that plaintiff's headaches resulted from an accidental injury to his left arm, except a statement by the plaintiff himself that prior to his injury he had never had habitual headaches, the Industrial Commission's finding of fact that the headaches were unrelated to the injury is not disturbed on appeal, and there is no error in the Commission's award for plaintiff's injury to his left arm only.

APPEAL by plaintiff from opinion and award of the North Carolina Industrial Commission filed 17 July 1972.

On 2 September 1970 plaintiff sustained an injury by accident arising out of and in the course of his employment. All jurisdictional facts were stipulated, and plaintiff's employer and its insurance carrier admitted liability under the North Carolina Workmen's Compensation Act. Pursuant to an agreement approved by the Industrial Commission plaintiff was paid compensation for temporary total disability at the rate of $50.00 per week from the date of his injury to 16 August 1971. During October 1971 plaintiff was advanced the sum of $400.00 toward the permanent disability award anticipated in this case.

A hearing was conducted before a Commissioner on 25 January 1972 at which the following pertinent evidence was presented:

Dr. F. W. Clippinger testified that he treated plaintiff beginning on 22 September 1970 after Gaddy had been treated at the emergency room at North Carolina Memorial Hospital in Chapel Hill. Dr. Clippinger observed a cut on the lower front part of the forearm which was in the process of healing. Gaddy could not use the long and ring fingers of his left hand, and complained of pain and loss of sensation in those fingers.

The two tendons to the long and ring fingers had been severed, and the median nerve extending into the palm of the hand was compressed. On 3 November 1970 Dr. Clippinger performed surgery on the left hand at Duke Hospital.

On 13 March 1971 Gaddy was readmitted to Duke Hospital, and the following day Dr. Clippinger removed scar tissue from the repaired muscle and tendons and decompressed the nerve again, this surgery having been necessary to relieve pain in the left arm and hand.

By 15 April 1971 Dr. Clippinger felt that Gaddy had recovered sufficiently from the last surgery to return to light work. By 29 April 1971 Gaddy had a good grasp with his left hand, and could bring his fingertips well into his palm; however, he lacked ten degrees of extension of the first joint of his long and ring fingers.

It was Dr. Clippinger's opinion that Gaddy had reached the stage of maximum improvement on 11 August 1971, and

that he had a partial permanent disability of 15% of his left hand.

Dr. Clippinger's testimony also recited that Gaddy had been examined by another physician in Raleigh, North Carolina, whose report dated 21 September 1971 stated that Gaddy had a partial permanent disability of 25%.

Beginning in April 1971 Gaddy complained of severe headaches. Dr. Clippinger did not know what caused the headaches, and sent Gaddy to see a Dr. Escueta, whose report stated that the headaches were histamine headaches, caused by an allergy. Dr. Escueta reported that he did not know of any relationship between the headaches and the hand injury.

Based upon this evidence the Commission found that the headaches were unrelated to plaintiff's accident. Gaddy did not object or take exception to this finding of fact. The Commission awarded plaintiff compensation. The award was pursuant to G.S. 97-31(12) at the rate of $50.00 per week for thirty-four weeks, beginning 11 August 1971, based upon a finding of 20% disability in his left hand.

*Pearson, Malone, Johnson & DeJarmon by W. G. Pearson II for plaintiff appellant.*

*Spears, Spears, Barnes, Baker, Boles & Pinna by Alexander H. Barnes for defendant appellee.*

CAMPBELL, Judge.

Plaintiff has argued that the Industrial Commission erred in not considering his evidence concerning severe headaches which he began to experience some three months after the injury occurred. It is his contention that the headaches are evidence of a general disability for which he is entitled to compensation under G.S. 97-30, and that the headache evidence necessitates a finding of a greater disability than that of 20% in his left hand.

Where the claimant has suffered injury as a result of accident arising out of and in the course of his employment *of a specific nature* included in G.S. 97-31, compensation provided by 97-31 for such specific injury is granted in lieu of all other compensation, except that he may also be entitled to compensation under G.S. 97-29 for total temporary disability

during the course of the healing of that injury. *Watkins v. Motor Lines,* 279 N.C. 132, 181 S.E. 2d 588 (1971); *Rice v. Panel Co.,* 199 N.C. 154, 154 S.E. 69 (1930).

Here the plaintiff received compensation during the healing period of the hand injury under G.S. 97-29, and after the healing period from the point of maximum recovery, for partial loss of use of his hand under G.S. 97-31(12).

But plaintiff also contends that the headaches entitled him to compensation under G.S. 97-30, which authorizes compensation for partial incapacity for work resulting from injury, not otherwise covered by G.S. 97-31.

In order to secure an award under G.S. 97-30, the claimant has the burden of proving (1) that the injury resulted from accident arising out of and in the course of his employment; (2) that there resulted from that injury a loss of earning capacity (disability); and (3) that he must prove the extent of that disability. *Hall v. Chevrolet Co.,* 263 N.C. 569, 139 S.E. 2d 857 (1965); *Henry v. Leather Co.,* 231 N.C. 477, 57 S.E. 2d 760 (1950). Without such proof there is no authority upon which to make an award even though permanent physical injury may have been suffered. *Branham v. Panel Co.,* 223 N.C. 233, 25 S.E. 2d 865 (1943).

In the instant case there is no evidence that plaintiff's headaches resulted from the accidental injury to his left arm, except a statement by the plaintiff himself that prior to his injury he had never had habitual headaches. The Industrial Commission is the sole judge of the credibilty of the evidence. It may accept or reject the testimony of a witness, either in whole or in part. It is not required to accept even the uncontradicted testimony of a witness. *Morgan v. Furniture Industries, Inc.,* 2 N.C. App. 126, 162 S.E. 2d 619 (1968).

Since there was no evidence that the plaintiff's headaches did result from the injury, and since plaintiff did not take exception to the Commission's finding of fact that the headaches were unrelated to the injury, there is no error in the Commission's award.

No error.

Judges HEDRICK and GRAHAM concur.