The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The North Carolina Farm Bureau Mutual Insurance Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $153.33, which yields a compensation rate of $103.56 per week.
5. Plaintiff alleges that she suffered an injury by accident or a specific traumatic incident on May 16, 1992, when she injured her back.
6. The defendant-employer has denied liability in this case and the issue to be determined by the Commission is whether plaintiff in fact suffered an injury by accident or a specific traumatic incident as alleged.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. On May 16, 1992, plaintiff was employed by defendant-employer as a nursing assistant.
2. During her work shift on May 16, 1992, plaintiff alleges that she injured her back while pulling a bed while performing her regular duties. Plaintiff did not report this injury to her superiors on the day in question. Instead, she continued to work and left work and went home at the end of her shift.
3. On the following Sunday, plaintiff went to the Catawba Memorial Hospital, where she was seen by Dr. William Sims. The medical reports from the Catawba Memorial Hospital indicate that plaintiff injured her back while lifting a patient at work. They further indicate that plaintiff does not recall any specific incident. These medical notes were dated May 18, 1992.
4. Plaintiff was also seen by a chiropractor at the Reaves Chiropractic Health Centre. The medical reports from the chiropractor dated August 24, 1992, indicate that plaintiff injured her back while pulling on an iron bed when she felt a twinge and immediate pain.
5. At the hearing, plaintiff's testimony was that she felt a pain in her back while pulling a bed at work. A review of the record reveals that plaintiff's testimony is inconsistent as to what caused her back injury. In light of this testimony, and the inconsistent versions of her injury, plaintiff has failed to provide clear and convincing evidence that she suffered an injury by accident or a specific traumatic incident.
6. Since plaintiff did not convince the undersigned that she suffered an injury by accident or a specific traumatic incident as alleged, the undersigned find that plaintiff did not suffer an injury by accident or a specific traumatic incident arising out of and in the course of her employment. It appears to the undersigned that plaintiff had an onset of back pain and really cannot remember what in fact caused it.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. It is fundamental that under the Workers' Compensation Act, in order to receive any benefits, a claimant must establish that her disability was caused by an injury by accident arising out of and in the course of the employment. G.S. § 97-2(6). As it is the plaintiff who is alleging an entitlement to benefits, it is also the plaintiff who carries the burden of proving every aspect of the workers' compensation claim by a preponderance of the evidence. A. Larson, The Law of Workers' Compensation, 80.33(a) (1989). Given this burden, the plaintiff's credibility is of the utmost importance, as stated in Gaddy v. Kern, 17 N.C. App. 680, 195 S.E.2d 141,cert. denied, 283 N.C. 585, 197 S.E.2d 873 (1973).
2. The Industrial Commission is the sole judge of the credibility of a witness. It may accept or reject the testimony of a witness, either in whole or in part. It is not required to accept even the uncontroverted testimony of a witness. Morgan v.Furniture Industries, Inc., 2 N.C. App. 126, 162 S.E.2d 619
(1968).
3. In the case at hand, the testimony and evidence presented by plaintiff has lacked credibility, consistency, and convincingness and, as such, the plaintiff herein has clearly failed to sufficiently carry her burden of proof under the Act.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the __________ day of _____________________, 1995.
 S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _________________________ J. HAROLD DAVIS COMMISSIONER
CONCURRING IN RESULT ONLY - SEE ATTACHED
[EDITORS' NOTE: THE ATTACHMENT IS ELECTRONICALLY NON-TRANSFERRABLE.]
S/ _________________________ CHARLES A. CLAY COMMISSIONER
JHB/nwm 01/25/95