ORDER
The Full Commission notes that plaintiff elected not to file a brief in support of the errors alleged in the Form 44 Application for Review. Accordingly, pursuant to Workers' Compensation Rule 701, plaintiff was not permitted to present oral argument before the Full Commission. The Order for the Full Commission entered on 3 July 2001 by Chairman Buck Lattimore allowing plaintiff to present oral argument before the Full Commission is hereby vacated.
 ***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence modifies and affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement as:
 STIPULATIONS
1. American International Underwriters/AIGCS is the carrier on risk.
2. Plaintiff's average weekly wage will be determine pursuant to a Form 22 or testimony provided at the hearing.
3. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1.
4. Pleadings in this case were stipulated into evidence as Stipulated Exhibit 2.
5. Payments made to plaintiff were stipulated into evidence as Stipulated Exhibit 3.
6. Investigative Reports concerning plaintiff were stipulated into evidence as Stipulated Exhibit 4.
 ***********
Based upon all the competent evidence of record herein, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 56 years old and had a high school diploma. Plaintiff has also obtained additional education in surveying and real estate. Plaintiff has owned various businesses, including a number of construction companies and convenience stores, a flea market business and a video store. Plaintiff has had extensive work experience in the construction industry both as an employee and as an independent contractor. Plaintiff has also had experience as a driver of a tractor-trailer and as a delivery person.
2. Prior to plaintiff's employment with defendant-employer, plaintiff had a lengthy history of injuries and corresponding workers' compensation claims. Plaintiff's first workers' compensation claim occurred in 1983 after he injured his back in a fall on a construction site. Plaintiff was hospitalized in traction for seven to ten days. At that time, plaintiff came under the care of William P. Parker, Jr., M.D., a neurosurgeon in Wilmington, North Carolina. Dr. Parker performed a laminectomy at the L5-S1 level of the spine on 11 October 1984. Plaintiff was out of work for approximately one year, during which time he received benefits pursuant to a workers' compensation claim. A note written by Dr. Parker on 10 August 1989 states that plaintiff subsequently improved and "became essentially asymptomatic."
3. Plaintiff's second workers' compensation claim occurred in 1988 while he was working in Las Vegas cleaning tractor-trailer trucks. Plaintiff slipped and fell, landing on a dolly and injuring his back and legs. Plaintiff filed a workers' compensation claim in the state of Nevada and received treatment in Las Vegas for a period of time. In August 1989, plaintiff returned to North Carolina and came under the care again of Dr. Parker. Following an MRI performed on 15 August 1989, plaintiff was diagnosed with early degenerative disc disease at L4-5 and L5-S1. There was no evidence of disc herniation or spinal stenosis. Plaintiff underwent a lengthy period of physical therapy for his low back pain and numbness in both legs and was unable to work in any capacity for months. Plaintiff was eventually released with a 10% permanent partial disability to his spine but continued to walk with an exaggerated limp following the accident.
4. In August 1994, plaintiff suffered a third workers' compensation injury when he slipped from a deck of a construction site and hit his neck on the edge of the deck, injuring his back and neck. Plaintiff came under the care of Dr. Parker and during his treatment he complained of sharp pain in his legs and arms, persistent numbness and tingling in his arms and fingers and chronic discomfort in his neck and back. An x-ray examination performed on 6 September 1994 revealed mild to moderate degenerative disc disease at L2-L3 and L3-L4 and mild foraminal narrowing bilaterally at C5-C6 and C6-C7. Plaintiff received treatment for over a year and on 30 August 1995, Dr. Parker rated plaintiff with a 20% permanent partial disability rating to his lumbar spine. On 3 October 1995, plaintiff received an additional 5% permanent partial disability rating for disequilibrium and a mild hearing loss.
5. Following reaching maximum medical improvement in October 1995, plaintiff was restricted to sedentary work with specific limitations of no lifting over 15 pounds, no climbing and no driving more than 10 miles per day. Plaintiff remained out of work for over one and a half years following his August 1994 accident and he received workers' compensation benefits during this period. Thereafter, plaintiff's claim was settled.
6. Plaintiff's fourth workers' compensation claim arose on 15 December 1996, when a sheet of plywood blown by the wind struck plaintiff's right shoulder and neck on a construction site. Following this injury, plaintiff experienced pain in his neck, right shoulder and arm as well as headaches.
7. Dr. Parker again treated plaintiff for the fourth workers' compensation claim and on 26 February 1997, he released plaintiff to return to work with restrictions of sedentary work only, no lifting over 15 pounds, no repetitive bending or stooping, no overhead work and the requirement that he change positions frequently. Plaintiff remained out of work for one and a half years and found employment after settling his workers' compensation claim.
8. In early 1998, plaintiff sustained another injury when he was struck by a car. This injury caused further problems with plaintiff's right shoulder, elbow, hip and neck. Plaintiff was again treated by Dr. Parker.
9. Plaintiff has acknowledged that since 1996 he has been limited to sedentary work pursuant to the restrictions imposed by Dr. Parker. Plaintiff knew of his permanent work restrictions including no lifting over 15 pounds and no overhead work.
10. During the first week of March 2000, plaintiff was unemployed and responded to an ad in the newspaper placed by defendant-employer for a framer. Plaintiff spoke with both Colleen Sutherland and William Sutherland, owners of Sutherland Precision Framing. Although the required job duties were discussed, plaintiff failed to advise either of the Sutherlands of his work restrictions previously imposed by Dr. Parker even though he was aware of his restrictions and knew that his restrictions limited his ability to do the job he sought as a framer and foreman.
11. Plaintiff's failure to reveal his significant work restriction constitutes a misrepresentation to defendant-employer as to his work capabilities as a framer. Defendant-employer relied upon these misrepresentations. Mr. Mrs. Sutherland indicated had they known of these restrictions, plaintiff would not have been employed for this position.
12. Plaintiff's testimony that he advised defendant-employer of certain work restrictions is not accepted as credible or convincing.
13. On 8 March 2000, plaintiff was hired as a framer and construction site foreman for defendant-employer. Although there appears to be some indication that plaintiff was an independent contractor, defendant-employer carried workers' compensation insurance on behalf of plaintiff. An employment relationship existed between plaintiff and defendant-employer with defendant-employer employing three or more employees at the time of the alleged incident.
14. During the time plaintiff worked for defendant-employer he never revealed any work restrictions or physical limitations to his direct supervisor or his co-employee Mark Baxter. When questioned about the limp that existed prior to the alleged accident, plaintiff simply indicated that he was getting old.
15. On 28 March 2000, William Sutherland, owner of defendant-employer, spoke with plaintiff and advised him that due to plaintiff's mistakes on the construction site and his inability to perform the work as required, plaintiff's employment was terminated. Mr. Sutherland allowed plaintiff to work through the end of the week; however, the testimony of William Sutherland and Mark Baxter that plaintiff was terminated on 28 March 2000, is accepted as credible and plaintiff's contrary testimony regarding this issue is not found to be credible or convincing.
16. Within a few hours after plaintiff was terminated, plaintiff tripped on a stump while carrying lumber. Plaintiff rolled over and fell on the ground. Plaintiff was aware of the presence of the stump as he and others had tripped on it the previous day. The manner that plaintiff carried the wood in front of him thereby blocking his vision was unusual and suspicious. The circumstances and timing of the alleged accident were highly questionable and the Full Commission finds that plaintiff's testimony regarding his accident is neither credible nor convincing.
17. Plaintiff claims that as a result of his fall on 28 March 2000, he sustained injuries to his neck, shoulder, right hip, right leg and back. Plaintiff continued to work throughout the day of the alleged accident without apparent difficulty. Plaintiff's testimony regarding these injuries is neither credible nor convincing.
18. Plaintiff already had significant injuries and disabilities in the same body parts he claims he injured on 28 March 2000, due to prior injuries for which he filed workers' compensation claims and received benefits. In the months since 28 March 2000, plaintiff has continued to be active, running errands and working periodically for his attorney.
19. Plaintiff received treatment on 3 April 2000 from Dr. Parker relating to the conditions for which he had been injured in the past. Although Dr. Parker took plaintiff out of work on 3 May 2000, there is no competent medical evidence relating the time out of work to the 28 March 2000 alleged incident.
20. Plaintiff did not immediately return to discuss the treatment of Dr. Parker with defendant-employer. Plaintiff returned to Dr. Parker on 3 May 2000, at which time plaintiff complained of new symptoms of dizziness and nausea that were not related to the alleged accident on 28 March 2000. There is no indication that plaintiff remained out of work after 3 May 2000, as indicated in Dr. Parker's notes. Further, there is no competent medical evidence that plaintiff's current medical conditions are related to the alleged 28 March 2000 incident, and there is no competent evidence, medical or otherwise, that plaintiff has sustained any disability as a result of the alleged 28 March 2000 accident.
21. Plaintiff filed a Form 18 on or about 4 April 2000. Defendants obtained a recorded statement from plaintiff in the presence of plaintiff's attorney on 27 April 2000. On or about 12 May 2000, defendants filed a Form 61 denying plaintiff's workers' compensation claim. Such denial was made within 45 days of the date of the alleged accident and within 38 days of the filing of the Form 18. The time frame within which the defendant filed the Form 61 was reasonable and justified based upon the facts of this case.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff has the burden of proving that his conditions and alleged disability were caused by an injury by accident arising out of and in the course of his employment. N.C. Gen. Stat. § 97-2(6). As part of this burden, plaintiff must submit credible, convincing evidence as the Industrial Commission has the authority to review the testimony of this plaintiff and other witnesses and accept or reject the testimony of a witness in whole or in part. Gaddy v. Kern, 17 N.C. App. 680, 683,195 S.E.2d 141, 143, cert. denied, 283 N.C. 585, 197 S.E.2d 873 (1973). Plaintiff's testimony as a whole is specifically rejected on the grounds that plaintiff lacks credibility. Plaintiff has failed to satisfy his burden of presenting credible, convincing evidence of an injury by accident. N.C. Gen. Stat. § 97-2.
2. Plaintiff also has a burden of proving a causal relationship between his alleged injuries and his employment. Bartlett v. DukeUniversity, 284 N.C. 230, 200 S.E.2d 193 (1973). In the case such as the one at hand where plaintiff has had a long history of significant debilitating injuries and where such injuries are complicated in nature, expert testimony is required to establish causation. Peagler v. TysonFoods, Inc., ____ N.C. App. ___, 532 S.E.2d 207 (2000); Click v. PilotFreight Carriers, 300 N.C. 164, 265 S.E.2d 389 (1980). Plaintiff has failed to present competent medical evidence that his alleged conditions are caused by and related to any injury by accident which arose out of his employment with defendant-employer. N.C. Gen. Stat. § 97-2.
3. Plaintiff has the burden of proving disability and the extent of his disability. Plaintiff has failed to prove that he is incapable of earning wages as a result of a compensable injury. Hilliard v. ApexCabinet Company, 305 N.C. 593, 290 S.E.2d 682(1982).
4. Defendants' denial of the workers' compensation claim was reasonable and just. Defendants filed a timely denial of this claim based upon the facts of the case. N.C. Gen. Stat. § 97-18(c).
5. Plaintiff failed to comply with an Order of the North Carolina Industrial Commission but the Commission in its discretion declines to award sanctions to defendants.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Plaintiff shall pay the costs of this appeal to the Full Commission.
This the ___ day of December, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER