***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gillen and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. Plaintiff filed a Form 18 on 26 September 2006 and later filed an amended Form 18 on 4 December 2006.
2. On such dates, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On such dates, an employment relationship existed between defendant-employer and plaintiff.
4. Defendant-employer employed three or more employees.
5. Defendant-employer is insured by American Interstate Insurance Company.
6. Plaintiff's average weekly wage is to be determined by a Form 22.
7. The following were stipulated into evidence:
 a. The Pretrial Agreement, marked as stipulated exhibit 1.
 b. A group of documents including Industrial Commission Forms, records of Phil Hall's criminal conviction, defendant-employer's records, a transcript of plaintiff's 7 November 2006 recorded statement, plaintiff's medical records, and the parties' responses to discovery, all collectively paginated 1-214 and marked as stipulated exhibit 2.
8. A California Highway map, marked as defendant's exhibit 1, was received into evidence during the hearing before the Deputy Commissioner.
9. The issues before the Full Commission are whether plaintiff suffered a compensable injury by accident, and, if so, to what medical treatment and/or workers' compensation disability benefits is plaintiff entitled, if any.
 *********** *Page 3 
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff has been a long distance truck driver since 1977. At the time of the hearing before the Deputy Commissioner, plaintiff was 56 years old. Plaintiff worked in his position as a long distance truck driver for defendant-employer, Mountain River Trucking Company, for approximately eighteen months prior to his alleged injury. During his employment with defendant-employer, plaintiff's usual run was a round trip between Mount Airy and California.
2. Defendant-employer was owned and operated by Teddy Gwinn until 15 November 2005, when Mr. Gwinn sold the company to Pete Smith. Mr. Gwinn continued working with the company's financial operations section for an additional four months. Phil Hall was also employed by defendant-employer prior to 24 November 2005 as the west coast operations manager. In his capacity as west coast operations manager, Mr. Hall acted as plaintiff's supervisor.
3. Mr. Hall's employment with defendant was terminated in November 2005. His termination was the result of the investigation and discovery of Mr. Hall's forgery and embezzlement from defendant-employer during the fall of 2005. Mr. Hall pleaded guilty to forgery and embezzling almost $200,000.00 from defendant-employer prior to the sale of the company. Mr. Hall was convicted on 14 September 2006 of forgery and embezzlement and was ordered to pay restitution as part of his plea agreement. Mr. Hall also has had a civil judgment entered against him in the amount of $75,000.00. Subsequent to plaintiff's alleged injury, Mr. Hall founded a trucking business and plaintiff worked for Mr. Hall. *Page 4 
4. Plaintiff initially alleged 15 May 2005 as the date of injury. This alleged date of injury is consistent throughout a number of filings submitted by plaintiff to the Industrial Commission. An injury to plaintiff in San Francisco, California on 15 May 2005 is not possible based on trip records for plaintiff.
5. At the hearing before the Deputy Commissioner, plaintiff alleged that the injury occurred in late September 2005 when he was at a Bakersfield, California truckstop. Plaintiff did complete a round trip to California that commenced on 27 September 2005. However, maps, trip logs, and fuel records cast doubt on plaintiff's testimony regarding the details of the alleged injury. Specifically, it is implausible that plaintiff was in Bakersfield on the day now alleged by plaintiff as the possible injury date.
6. Mr. Hall testified that he was unable to remember the date on which plaintiff allegedly called him to report that he had sustained an injury. Mr. Hall testified that he informed Mr. Gwinn of plaintiff's alleged injury, but was unsure of the date.
7. Mr. Gwinn testified that he never received a contemporaneous report of an injury suffered by plaintiff and that the first he heard of plaintiff sustaining such an injury was in December 2006.
8. Plaintiff first treated with his family doctor, Dr. Randall Keith, on 3 October 2005. Dr. Keith's medical records indicate that plaintiff complained of pain in his left leg and that there was "no trauma." Plaintiff next treated with Dr. Robert L. Williamson on 5 October 2005. During plaintiff's first visit with Dr. Robert Williamson, plaintiff reported that his pain had been ongoing for two or three days, but the note specifically states, "[Plaintiff] denies any significant traumatic event." *Page 5 
9. Next, plaintiff treated with Dr. Richard Guidetti on 20 October 2005. Dr. Guidetti's medical records indicate plaintiff reported left lateral thigh and lateral calf pain as his chief complaint. Dr. Guidetti's history includes that plaintiff "was getting out of his truck approximately two weeks ago and began having pain." On 21 November 2005 plaintiff was treated by Dr. Mark Williamson. Dr. Williamson notes that plaintiff's symptoms started weeks ago "for no apparent reason." Dr. Williamson diagnosed plaintiff with a disc herniation at L4-L5.
10. Plaintiff was first treated by Dr. Richard L. Rauck on 21 December 2005. At plaintiff's first appointment with Dr. Rauck, plaintiff reported lower left extremity pain beginning approximately three months prior. However, the intake sheet plaintiff completed for Dr. Rauck makes no reference to a date of injury, nor does it provide any indication that plaintiff's visit is work-related, or the result of a workers' compensation injury.
11. Plaintiff first filed a Form 18 with the Industrial Commission on 2 October
2006. This form, which was signed by plaintiff, lists the injury as occurring on 15 May 2005 in San Francisco, California. Plaintiff describes the injury as follows: "stepped out of the back of truck after load was completed, I checked inventory by getting out of truck, it ruptured 2 disc in back [sic]."
12. Plaintiff's recorded statement was taken by the adjuster, Melody Hampton, on 7 November 2006. Plaintiff's wife was also present for plaintiff's recorded statement. Plaintiff stated in his recorded statement that he did not remember the date but that "It's been bout [sic] a year and a half ago. And I was in Bakersfield, California. Yea. I jumped out of the truck." Plaintiff went on to say that the alleged injury occurred somewhere around lunch time because he had stopped to get something to eat and that the alleged injury happened at "Bruce's Truck Stop." *Page 6 
13. Defendants denied plaintiff's claim by filing a Form 61 dated 16 November 2006.
14. Plaintiff's first attorney filed a Form 33 hearing request on 7 March 2007. Plaintiff's Form 33 also alleges a date of injury of 15 May 2005.
15. Plaintiff's first attorney filed an amended Form 18 with the Industrial Commission dated 4 December 2006. The amended Form 18 alleged changes in the time of injury, the location of the alleged injury, the injury itself, and the description of the injury. However, plaintiff's counsel did not amend the date of the alleged injury. This Form 18 alleges that the injury occurred on 15 May 2005 at approximately 11:00 a.m. in Bakersfield, California. Plaintiff claimed to have sustained an injury when he jumped down from his truck in order to go to the bathroom, and as "he jumped down he landed on his left leg and felt immediate pain shoot through his left leg and into his back."
16. Plaintiff's first attorney sent correspondence to Dr. Richard Rauck dated 7 March 2007 regarding plaintiff's claim. This letter states that the injury occurred "on 15 May 2005 when he jumped down quickly from his truck." The correspondence went on to ask for Dr. Rauck's opinion as to plaintiff's diagnosis, medical causation, expected treatment, work classification, and anticipated maximum medical improvement dates. Dr. Rauck provided a written response to plaintiff's counsel's request on 19 March 2007. This response also cited the 15 May 2005 injury date.
17. Plaintiff, through counsel, responded to defendant's First Set of Interrogatories and Request for Production of Documents on 12 June 2007. Plaintiff also verified his answers to the same on 12 June 2007. In response to defendant's interrogatory requesting plaintiff to state with particularity the basis for his claim, plaintiff states: "On May 15, 2005, while at Bruce's Truckstop on California Highway 58, I was climbing backwards out of my truck, and landed on *Page 7 
the concrete ground on my left foot." Plaintiff never amended the Form 18, Form 33 or interrogatory responses previously filed.
18. Plaintiff's testimony regarding the circumstances surrounding his alleged injury and subsequent related events is inconsistent internally and conflicts with documentary, medical, and other evidence.
19. Although he acknowledged inconsistencies in his records on the subject, Dr. Rauck testified that plaintiff injured his back dismounting a truck.
20. When asked during his deposition whether he could testify to a reasonable degree of medical certainty that plaintiff injured his back in California while dismounting a truck, Dr. Williamson testified "I have no way — I cannot affirm that. I cannot make that claim." Dr. Williamson then specifically testified that he could not make any causal relation between plaintiff's condition and the alleged injury.
21. Having considered the testimony and evidence of Dr. Williamson and Dr. Rauck and the other medical providers who have evaluated and treated plaintiff, along with their relative expertise and experience, as well as the circumstances of their involvement with plaintiff's treatment, the Full Commission gives greater weight to the testimony and expert opinions of Dr. Robert Williamson.
22. Plaintiff has not proven by the greater weight of the credible evidence that he sustained a compensable injury by accident or specific traumatic incident of the work assigned on or about 15 May 2005 or during a round trip to California that commenced on 27 September 2005.
 *********** *Page 8 
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In workers' compensation cases, plaintiff has the burden of proving every element of compensability. As part of this burden, plaintiff must present convincing evidence establishing these elements. N.C. Gen. Stat. §§ 97-2(6), 97-2(9); Harvey v. Raleigh Police Department, 96 N.C. App. 28,384 S.E.2d 549, disc. review denied, 325 N.C. 706, 388 S.E.2d 454
(1989); Gaddy v. Kern, 17 N.C. App. 680, 195 S.E.2d 141, cert. denied,283 N.C. 585, 197 S.E.2d 873 (1973).
2. In this case, plaintiff has failed to meet his burden of proving by the greater weight of the evidence that he sustained a compensable injury by accident or specific traumatic incident of the work assigned arising out of and in the course of his employment with defendant-employer on or about 15 May 2005 or during a round trip to California that commenced on 27 September 2005. N.C. Gen. Stat. §§ 97-2(6), 97-2(9); Harvey v. RaleighPolice Department, supra; Gaddy v. Kern, supra.
3. Medical evidence that rests on speculation and conjecture, or unproven facts, is not sufficiently reliable to qualify as competent evidence concerning the nature and cause of the injury. Young v. HickoryBus. Furn., 353 N.C. 277, 538 S.E.2d 912 (2000). In the instant case, the medical opinions of Dr. Rauck concerning causation are based on the inconsistent histories related by plaintiff to the doctor and form the bases of information contained in medical records and other evidence.
4. Plaintiff also has the burden of proving disability, and plaintiff must prove both the existence and the extent of disability. In this case plaintiff failed to meet his burden of proving the *Page 9 
existence and extent of disability that resulted from a work-related injury. N.C. Gen. Stat. § 97-2(9); Hilliard v. Apex Cabinet Co.,305 N.C. 593, 290 S.E. 2d 682 (1982); Hall v. Chevrolet Co., 263 N.C. 569,575, 139 S.E. 2d 857, 861 (1965); Sims v. Charmes/Arby's Roast Beef,142 N.C. App. 154, 542 S.E.2d 277 (2001).
5. Given the foregoing, plaintiff's claim is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-1, et seq.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, this claim must be, and hereby is DENIED.
2. Each side shall bear its own costs.
This 19 day of December, 2008.
 S/___________________
 LAURA KRANIFELD MAVRETIC
 COMMISSIONER
CONCURRING:
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 10 
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1