***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments before the Full Commission. With reference to the errors assigned, the Full commission finds that plaintiff has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Accordingly, the Full Commission AFFIRMS the decision of the Deputy Commissioner and enters the following Opinion and Award.
 *********** ISSUES TO BE DETERMINED
1. Whether plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on May 8, 2007 and if so, to what indemnity and medical compensation, if any, is he entitled.
2. Whether plaintiff constructively refused suitable employment. *Page 2 
3. Whether plaintiff failed to provide timely written notice to defendants of his claim as required by N.C. Gen. Stat. § 97-22.
 ***********
The Full Commission finds as facts and concludes as a matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. On all relevant dates, an employee-employer relationship existed between plaintiff-employee and defendant-employer.
3. The carrier on the risk is correctly named above.
4. On all relevant dates, plaintiff's average weekly wage was $451.87.
5. At the hearing, the parties submitted the following:
 a. A Packet of Medical Records, which was admitted into the record and marked as Stipulated Exhibit (1) and;
 b. A Packet containing Industrial Commission Forms, interrogatory responses, a personnel file and a transcript of a recorded statement, which was admitted into the record and marked as Stipulated Exhibit (2).
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is 51 years old and worked as a heavy equipment operator for defendant-employer. Plaintiff testified that he made $10.00 per hour. at the time of his alleged injury, he *Page 3 
was operating a large articulated dump truck.
2. On November 7, 2007, plaintiff's counsel filed a Form 18 that alleged that an injury to plaintiff's head and spine occurred on May 8, 2007 as a result of plaintiff driving a truck with a bad suspension. On November 13, 2007, defendants filed a Form 19 reporting a May 8, 2007 injury to plaintiff. On November 15, 2007, plaintiff's counsel filed a Form 33 seeking payment for days missed, medical treatment, and a permanent partial impairment rating. On November 21, 2007, plaintiff's claim was denied with a Form 61 on the grounds that there was no injury by accident or specific traumatic incident and plaintiff's failure to report the alleged injury to defendant.
3. At the hearing, plaintiff testified thAt he drove defendant-employer's dump truck over various types of terrain thAt routinely caused him to bounce up and down in the cab. Plaintiff stated thAt on or about May 8, 2007, as he was driving a dump truck for defendant-employer, he hit a bump thAt caused him to strike his head on the cab of the dump truck. Plaintiff did not mention any incident to his supervisors on May 8, 2007.
4. When asked if there was any reason that he would not have been wearing his seatbelt on the alleged date of injury, plaintiff testified that there was not. Furthermore, plaintiff testified that the seat had a pneumatic shock. When asked how he could have hit his head on the truck ceiling while wearing a seatbelt and in the pneumatic seat, plaintiff responded that the belt would cut into him when the truck bounced so he regularly did not use it. Plaintiff also went on to testify that on the date of the alleged injury, he tried to latch the seatbelt and it came undone.
5. On the evening of May 8, 2007, plaintiff sought treatment at Pungo District Hospital where he complained of two weeks of neck pain and stated that his work truck had no suspension, and that this had caused him to hit his head on the ceiling several times. The notes *Page 4 
indicate that the physician suspected that plaintiff had degenerative joint disease due to years of plaintiff doing this type of work. Nursing notes indicate no mechanism of injury was applicable and diagnosed a cervical muscle or tendon strain aggravated by work due to underlying arthritis. Plaintiff was given work restrictions as well as Prednisone, Percocet, Valium, and Soma.
6. Plaintiff returned to work the following day wearing a neck brace. Plaintiff testified that he did not present his medical note to the defendant-employer and that they did not ask for a medical note. However, William Sawyer, Jr., the project manager and vice-president of Sawyer's Land Developing, testified that plaintiff provided a doctor's note stating he could perform light-duty work. Plaintiff was assigned light duty work until he was released to perform his regular duties. To Mr. Sawyer's knowledge, plaintiff never reported any on-the-job injury to his supervisor. Mr. Sawyer did not know plaintiff was claiming that his neck injury was work related until Mr. Sawyer was contacted by the workers' compensation insurance company in November 2007.
7. Plaintiff subsequently returned to his normal duties and did not seek additional medical treatment.
8. In June 2007, plaintiff was terminated for misconduct when, smelling of alcohol, he drove his dump truck off the road into a ditch. Defendant-employer observed that plaintiff frequently smelled of alcohol and reasoned that he posed a safety risk. Plaintiff admitted that he smelled of alcohol, however, he claimed it was from drinking the night before.
9. Plaintiff obtained employment at Hyde County Egg Farm making $9.75 per hour. Plaintiff's hiring date with regard to this job was in September 2007 according to his recorded statement and in October 2007 according to his hearing testimony. Plaintiff testified that he was terminated from this employment four or five months previous for violating the employer's *Page 5 
attendance policy.
10. On October 18, 2008, plaintiff returned to Pungo District Hospital where it was noted that he injured his neck in April and was experiencing numbness on the left side of his face and neck. There was no mention of plaintiff striking his head. The notes stated that plaintiff went to his attorney today and was advised to follow up. The notes did not indicate a mechanism of injury and referred him to his primary care physician.
11. Based on that referral, on November 1, 2007 plaintiff presented to Dr. Charles Boyette, his primary care physician, concerning his neck injury. A November 4, 2007 MRI showed significant and diffuse involvement throughout the entire cervical spine with degenerative arthritis and degenerative disc disease. Dr. Boyette's final diagnosis was a disc extrusion or protrusion at C6 and C7. Plaintiff had some disc protrusion narrowing in the spinal canal and nerve impingement at C5 and C6 as well as some moderate and severe narrowing of the left foramen and cervical spondylosis at C3-C4. Plaintiff was treated conservatively by Dr. Boyette and was never written out of work. Dr. Boyette referred plaintiff to Dr. Franklin Jones, a neurologist.
12. Dr. Jones treated plaintiff conservatively with a series of steroid injections that plaintiff found helpful. Dr. Jones did not restrict plaintiff from working.
13. After plaintiff filed his Form 18 in November 2007, he gave a recorded statement during which he made no mention of striking his head on the ceiling of the cab in his truck and did not report anything unusual occurring while he was driving on May 8, 2007. According to his recorded statement, he operated his vehicle uneventfully under normal conditions that day.
14. Dr. Boyette testified by deposition that plaintiff's condition would not have been created by driving a dump truck even if the truck did bounce. Dr. Boyette believed that plaintiff *Page 6 
sustained an aggravation of his cervical condition that had been ongoing for years and also stated that any sudden motion could have aggravated plaintiff's preexisting cervical condition. However, Dr. Boyette stated that if plaintiff had experienced a significant problem and it was work-related, it seems that plaintiff would have sought some attention earlier. Dr. Boyette went on to testify that based on his personal experience, chances were remote that a truck driver would be subject to such a neck injury even driving over moderately rough terrain.
15. When asked a hypothetical question assuming that plaintiff struck his head from bouncing in the cab of a dump truck, Dr. Jones testified that plaintiff could have exacerbated or aggravated his underlying degenerative disc disease. Dr. Jones also testified that the bouncing of the truck could have exacerbated his injury even if plaintiff did not strike his head on the cab of the truck.
16. Plaintiff's testimony regarding the circumstances surrounding the alleged incident of May 8, 2007, his alleged injury, and related facts conflicts with other witnesses' testimony as well as the medical and documentary evidence and is not found to be credible.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In workers' compensation cases, plaintiff has the burden of proving every element of compensability. As part of this burden, plaintiff must present convincing evidence establishing these elements. Whitfield v. Lab Corp. of Amer.,158 N.C. App. 341, 350, 581 S.E.2d 778, 784 (2003); Harvey v.Raleigh Police Department, 96 N.C. App. 28, 384. S.E.2d 549, disc. rev. denied,325 N.C. 706, 388 S.E.2d 454 (1989); Gaddy v. Kern,17 N.C. App. 680, *Page 7 
683, 195 S.E.2d 141, 143, cert. denied283 N.C. 585, 197 S.E.2d 873 (1973).
2. In this case, plaintiff has failed to meet his burden of proving by the greater weight of the evidence that he sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer on or about May 8, 2007. N.C. Gen. Stat. §§ 97-2(6), 97-2(9); Harvey v. Raleigh PoliceDepartment, 96 N.C. App. 28, 384. S.E.2d 549, disc. rev. denied,325 N.C. 706, 388 S.E.2d 454 (1989); Gaddy v. Kern,17 N.C. App. 680, 195 S.E.2d 141, 143, cert denied283 N.C. 585, 197 S.E.2d 873 (1973).
3. In this case, plaintiff has failed to meet his burden of proving by the greater weight of the evidence that he sustained a compensable specific traumatic incident of the work assigned on or about May 8, 2007. N.C. Gen. Stat. §§ 97-2(6), 97-2(9); Harvey v.Raleigh Police Department, 96 N.C. App. 28, 384. S.E.2d 549, disc. rev. denied,325 N.C. 706, 388 S.E.2d 454 (1989); Gaddy v. Kern,17 N.C. App. 680, 195 S.E.2d 141, 143, cert denied283 N.C. 585, 197 S.E.2d 873 (1973).
4. Medical testimony that relies on speculation and conjecture, or unproven facts, is not sufficiently reliable to qualify as competent evidence concerning the nature and cause of the injury. Young v.Hickory Bus. Furn.,353 N.C. 277, 538 S.E.2d 912 (2000); Seay v. Wal-Mart Stores,Inc., 180 N.C. App. 432, 637 SE2d 299 (2006). In this case, dubious or incomplete histories related by plaintiff to his doctors colored their diagnoses and testimony.
5. Plaintiff has produced insufficient evidence to prove that his conditions are a direct and natural result of any incident that took place on or about May 8, 2007, or that any incident that took place on or about May 8, 2007 materially exacerbated or aggravated a preexisting condition. N.C. Gen. Stat. § 97-2(6); Holly v. ACTS,Inc., 357 N.C. 228, 581 S.E.2d 750 (2003); Young v. HickoryBus. Furn., 353 N.C. 227, 230, 538 S.E.2d 912, 915 (2000); *Page 8 Hodgin v. Hodgin,159 N.C. App. 635, 583 S.E.2d 362 (2003); Peagler v. Tyson Foods,Inc., 138 N.C. App. 593, 532 S.E.2d 207 (2000).
6. Plaintiff was terminated for reasons, unrelated to his workplace incident, for which any other employee would have been terminated. Seagraves v. Austin Co. of Greensboro,123 N.C. App. 228, 472 S.E.2d 587 (1996).
7. Plaintiff has the burden of proving disability, and plaintiff must prove both the existence and the extent of disability. Disability is defined by the Act as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment." N.C. Gen. Stat. § 97-2(9). In this case plaintiff failed to meet his burden of proving the existence and extent of disability that resulted from a work-related injury. N.C. Gen. Stat. § 97-2(9); Hilliard v. Apex Cabinet Co.,305 N.C. 593, 290 S.E. 2d 682 (1982); Hall v. Chevrolet Co.,263 N.C. 569, 575, 139 S.E. 2d 857, 861 (1965); Sims v.Charmes/Arby's Roast Beef,142 N.C. App. 154, 542 S.E.2d 277 (2001).
8. Plaintiff failed to provide notice to defendants of his claim as required by N.C. Gen. Stat. § 97-22.
9. Given the foregoing, plaintiff's claim is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-1, et seq.
 ***********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim must be, and hereby is, DENIED.
2. Each side shall pay its own costs. *Page 9 
This is the ___ of August, 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ DANNY L. McDONALD COMMISSIONER