I respectfully dissent from the majority opinion finding that plaintiff suffered a compensable injury by accident arising out of and in the course and scope of his employment with defendant-employer. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6). The person claiming the benefit of compensation has the burden of showing that the injury complained of resulted from an injury by accident arising out of and in the course of employment. Henry v. Leather Co.,231 N.C. 477, 57 S.E.2d 760 (1950).
In this case, plaintiff has failed to meet his burden of proving by the greater weight of the evidence that he sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer on March 25, 2009. N.C. Gen. Stat. § 97-2(6); Harvey v. Raleigh PoliceDepartment, 96 N.C. App. 28, 384. S.E.2d 549, disc. rev. denied,325 N.C. 706, 388 S.E.2d 454 (1989); Gaddy v. Kern,17 N.C. App. 680, 195 S.E.2d 141, 143, cert denied283 N.C. 585, 197 S.E.2d 873 (1973). There is insufficient evidence to support a finding that plaintiff injured his wrist while working for defendant-employer. The greater weight of the credible evidence shows that plaintiff's wrist was not injured when left Epic or upon arrival at Saunders' where he purchased PVC pipe for his personal use following the completion of the job at Epic. *Page 12 
After purchasing the PVC pipe at Saunders', plaintiff drove to back of the store to load the pipe as directed by Tim Bailey. Mr. Bailey had worked for Saunders' for 28 years. Plaintiff loaded and tied the pipe to his work van by himself. When Mr. Bailey met plaintiff behind the store, plaintiff had already loaded and tied the pipe and was holding his arm and was pale. Plaintiff then told Mr. Bailey, "I think I just broke my wrist."
The greater weight of the evidence establishes that plaintiff injured his wrist while performing a personal errand and not while working for defendant-employer. As plaintiff's injury did not arise out of and in the course of his employment with defendant-employer, his wrist injury is not compensable. N.C. Gen. Stat. § 97-2(6).
This the 29th day of September 2010.
 S/___________________ STACI T. MEYER COMMISSIONER
 *Page 1