***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Homick and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Homick, with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. The Industrial Commission has jurisdiction over the subject matter of this case.
2. The parties are properly before the Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. There is no question as to joinder or nonjoinder of the parties.
4. The carrier on the risk for the defendant in this claim is Zurich North America.
5. On or about April 16, 2009, plaintiff alleged that he sustained an injury by accident.
6. Defendants have denied the injury by accident with the filing of a Form 61 Denial of Workers' Compensation Claim on June 24, 2009.
7. The parties did not stipulate to an average weekly wage; however, a Form 22 Statement of Days Worked and Earnings of Employee has been submitted to the Industrial Commission.
8. Plaintiff introduced the following documents, which were received into evidence:
 • Plaintiff's Exhibit 1: North Carolina Industrial Commission Forms;
 • Plaintiff's Exhibit 2: Mediator Forms and Amended Form 18;
 • Plaintiff's Exhibit 3: Workers' Compensation Treatment Forms, Medical Bills, and an Out Of Work Note From a Chiropractor;
 • Plaintiff's Exhibit 4: Emergency Room Records from Southeastern Regional Medical Center;
 • Plaintiff's Exhibit 5: Additional Medical Records;
 • Plaintiff's Exhibit 6: Medical Bills from Carolina Eye Associates;
 • Plaintiff's Exhibit 7: Medical Bills from Medical Care Providers; and
 • Plaintiff's Exhibit 8: Out Of Work Notes. *Page 3 
Defendants introduced the following compilation of documents, which was received into evidence:
 • Defendants' Exhibit 1: Industrial Commission Forms and Filings, Employer Records, Medical Records, Plaintiff's Responses to Defendants' First Set of Interrogatories and Request for Production of Documents filed July 3, 2009 and Defendants' Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents served on August 7, 2009.
10. The issue for determination by the North Carolina Industrial Commission is whether plaintiff sustained a compensable injury by accident on April 16, 2009.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was thirty-six years old. Plaintiff completed the eleventh grade of high school.
2. Plaintiff commenced work with defendant-employer on approximately March 25, 2009, as a sanitation employee. In this capacity, plaintiff was assigned to a crew of five or six individuals who were responsible for cleaning and sanitizing food processing equipment.
3. When hired by defendant-employer, plaintiff received an employee handbook, which instructed him to immediately report any incident, injury, or equipment damage to his supervisor. At the hearing before the Deputy Commissioner, plaintiff acknowledged signing for receipt of this handbook and testified that he was aware of defendant-employer's injury reporting requirements. *Page 4 
4. After having been employed by defendant-employer for approximately twenty-two days, on April 16, 2009, plaintiff was instructed by his floor manager to wipe condensation from a conveyer belt. While doing so, plaintiff removed his safety goggles to "wipe the fog off of them," and felt something spray in his face. Plaintiff testified that he began shouting and struck his head on a conveyer belt as he was attempting to run away from the spray.
5. Plaintiff alleges that he reported the April 16, 2009 incident to his supervisor on the day of injury; however, at the hearing before the Deputy Commissioner, plaintiff refused to identify any supervisors or management personnel to whom he reported the incident and failed to provide any witnesses to support his allegation.
6. According to defendant-employer's policy, not only are all accidents to be reported to one's supervisor, but the accident is also to be documented in the First Aid Log.
7. At the time of plaintiff's alleged incident, the First Aid Log for the period of April 11, 2009 through April 30, 2009 contained 13 entries; however, there was no reference to any injury to plaintiff.
8. On April 18, 2009, plaintiff presented to the Southeastern Medical Center with complaints of eye pain, noting an "onset four days earlier." No complaints of back or neck pain were made by plaintiff that day and plaintiff did not relate his symptoms to an injury, accident, or trauma at work with defendant-employer. Further, plaintiff reported that there was no history of any direct trauma to the eye or globe. Plaintiff was diagnosed with conjunctivitis (red eye) and a corneal abrasion. The remainder of his physical examination was essentially normal. Plaintiff was prescribed eye drops and written out of work until April 21, 2009.
9. On April 20, 2009, plaintiff presented to Dr. Nathan Lieberman, an optometrist, at St. Pauls Vision Center. At this time, plaintiff provided a history of a work injury on April 16, 2009, *Page 5 
when chemicals sprayed into his eyes. Plaintiff's eyes were again flushed with a solution and plaintiff was released from work from April 20, 2009 through April 24, 2009.
10. Defendant-employer was first notified of the alleged April 16, 2009 incident on April 20, 2009, when St. Pauls Vision Center contacted Jose Iduate, defendant-employer's Safety Manager, to request authorization to treat plaintiff.
11. As part of an investigation, on April 21, 2009, Mr. Iduate interviewed six employees: Cadiz Rivera Torres, Floor Manager; Michael Vega, Supervisor; Jose Martinez, Supervisor; Valentine Nunez, Supervisor; Katie Jenson, plaintiff's Trainer; and Smithfield's Plant Nurse to determine if they had information regarding plaintiff's alleged work accident. None of these individuals recalled plaintiff sustaining a work injury on April 16, 2009.
12. On April 23, 2009, plaintiff returned to Southeastern Regional Medical Center with complaints of back pain. Plaintiff reported to the emergency room doctor that "he ran into a machine a week ago," which caused pain in his neck. X-rays of plaintiff's cervical spine were obtained, the results of which were normal. Plaintiff was diagnosed with a muscle strain and was advised to seek further treatment if the symptoms persisted. Plaintiff's eyes were re-examined at this time, and the conjunctiva were found to be normal with no orbital trauma.
13. On April 24, 2009, plaintiff again presented to Dr. Leiberman at St. Pauls Vision Center with complaints that his eyes continued to hurt and burn. Plaintiff was prescribed eye drops and released to return to work on April 28, 2009.
14. On April 28, 2009, plaintiff presented to Dr. Danny Ellis, Jr., a chiropractor, for constant and severe shoulder, thoracic and lumbar pain "sustained in a work-related accident on April 23, 2009." After reviewing plaintiff's medical history and x-rays, Dr. Ellis diagnosed plaintiff with an acute cervical strain, cervicobrachial syndrome, thoracic strain, and sacroiliac *Page 6 
strain. Plaintiff was advised to use a home cold pack and was released from work from April 30, 2009 to May 7, 2009. On May 7, 2009, Dr. Ellis released plaintiff to return to work without restriction on May 11, 2009.
15. Plaintiff failed to contact defendant-employer or return to work following the April 16, 2009 incident. As a result, plaintiff was terminated on May 4, 2009. As Mr. Iduate, defendant-employer's Safety Manager, testified, if plaintiff had submitted timely medical records for the period of his prolonged absence, plaintiff would have been able to return to his previous position. Plaintiff, however, failed to submit the necessary documentation to maintain his employment and was terminated for failing to call out of or report to work in violation of defendant-employer's attendance policy.
16. The greater weight of the credible and competent evidence indicates that plaintiff's termination on May 4, 2009, had no relationship to any work injury. Plaintiff was terminated for misconduct and fault unrelated to any work injury for which a non-disabled employee would ordinarily have been terminated by defendant-employer.
17. On May 15, 2009, plaintiff filed a Form 18 Notice of Accident toEmployer, which indicated that his eyes and spine were injured during the alleged April 16, 2009 incident.
18. On June 18, 2009, plaintiff again presented to Dr. Ellis with complaints of constant and severe cervical pain, constant shoulder pain that radiated from his neck and constant severe lumbar pain. Dr. Ellis opined that the intersegmental dysfunction of the cervical spine had resolved as had his lumbar strain/sprain.
19. Based upon the greater weight of the evidence, including consideration of plaintiff's testimony, the Full Commission finds that the preponderance of the credible evidence *Page 7 
fails to establish that plaintiff's complaints of neck, back and eye symptoms are causally related to an incident at work occurring on April 16, 2009.
20. Accordingly, the Full Commission finds that plaintiff has failed to establish by the greater weight of the competent evidence that, on or about April 16, 2009, he sustained an injury by accident or specific traumatic incident to his back, neck or eyes, arising out of and in the course of his employment with defendant-employer, and that any subsequent disability is related to the events of April 16, 2009.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In a workers' compensation case, plaintiff has the burden of proving compensability. As part of this burden, plaintiff must present convincing evidence establishing the elements of compensability.Whitfield v. Lab Corp. of Amer.,158 N.C. App. 341, 350, 581 S.E.2d 778, 784 (2003); Harvey v. RaleighPolice Department, 96 N.C. App. 28, 384. S.E.2d 549, disc. rev. denied,325 N.C. 706, 388 S.E.2d 454 (1989); Gaddy v. Kern,17 N.C. App. 680, 683, 195 S.E.2d 141, 143, cert. denied283 N.C. 585, 197 S.E.2d 873 (1973).
2. In this case, plaintiff has failed to meet his burden of proving by the greater weight of the evidence that he sustained a compensable injury by accident or specific traumatic incident of the work assigned arising out of and in the course of his employment with defendant-employer on or about April 16, 2009. N.C. Gen. Stat. §§ 97-2(6), 97-2(9); Harvey v. Raleigh PoliceDepartment, 96 N.C. App. 28, 384. S.E.2d 549, disc. rev. denied, 325 N.C. 706, 388 S.E.2d 454 (1989); *Page 8 Gaddy v. Kern, 17 N.C. App. 680, 195 S.E.2d 141, 143, certdenied 283 N.C. 585, 197 S.E.2d 873 (1973).
3. Plaintiff has produced insufficient evidence to prove that his conditions are a direct and natural result of any incident that took place on or about April 16, 2009, or that any incident that took place on or about April 16, 2009, materially exacerbated or aggravated any preexisting condition. N.C. Gen. Stat. § 97-2(6); Holly v. ACTS,Inc., 357 N.C. 228, 581 S.E.2d 750 (2003); Young v. Hickory Bus.Furn., 353 N.C. 227, 230, 538 S.E.2d 912, 915 (2000); Hodgin v.Hodgin, 159 N.C. App. 635, 583 S.E.2d 362 (2003); Peagler v. TysonFoods, Inc., 138 N.C. App. 593, 532 S.E.2d 207 (2000).
4. Plaintiff was terminated for reasons unrelated to any workplace incident, for which any other employee would have been terminated.Seagraves v. Austin Co. of Greensboro,123 N.C. App. 228, 472 S.E.2d 587 (1996).
5. Plaintiff has the burden of proving disability, and plaintiff must prove both the existence and the extent of disability. Disability is defined by the Act as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment." N.C. Gen. Stat. § 97-2(9). In this case plaintiff failed to meet his burden of proving the existence and extent of any disability that resulted from a work-related injury. N.C. Gen. Stat. § 97-2(9); Hilliard v. Apex Cabinet Co.,305 N.C. 593, 290 S.E. 2d 682 (1982); Hall v. Chevrolet Co.,263 N.C. 569, 575, 139 S.E. 2d 857, 861 (1965); Sims v. Charmes/Arby'sRoast Beef, 142 N.C. App. 154, 542 S.E.2d 277 (2001).
6. Plaintiff failed to provide notice to defendants of his claim as required by N.C. Gen. Stat. § 97-22.
 *********** *Page 9 
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the North Carolina Workers' Compensation Act, plaintiff's claim must be and is hereby denied.
2. Each side shall bear its own costs.
This the 19th day of December, 2010.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ DANNY LEE McDONALD COMMISSIONER

 *Page 1